1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 09-712- PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon (1)<br>Daniel Mahon (2), | |
| Defendants. | |

Defendant Dennis Mahon has filed a motion to strike the notice of appearance filed by Brad H. Astrowsky on December 2, 2009 (Dkt. #121) on the ground that the victim in this case, Donald Logan, is not entitled to receive pleadings and other court documents through CM/ECF, the Court's case management system. Dkt. #130. Defendant Daniel Mahon has joined the motion. Dkt. #142. The government and Logan have both responded. Dkt. ##140, 143. For the reasons that follow, the Court will deny the motion to strike.

Under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"), a crime victim has the right "to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a). It is the obligation of the courts to "ensure that the crime victim is afforded the rights described in [the CVRA]," 18 U.S.C. § 3771(b)(1), and the district court must determine what constitutes a reasonable procedure for effecting those rights, *W.R. Huff Asset Management Company v. Rigas*, 409 F.3d 555, 563 (2d Cir. 2005). The CVRA is

"meant to be liberally construed within the confines of the rights guaranteed." *U.S. v. Rubin*, 558 F. Supp. 2d 411, 417-18 (E.D.N.Y. 2008).

Defendants assert that the Court should strike Logan's counsel's notice of appearance because Logan is not a party to this action and is not entitled to "any special access to the pleadings, orders, or case materials by ECF or otherwise." Dkt. ##130 at 2, 141 at 2. Logan contends that, under the CVRA, he has the right to enter an appearance and receive case materials through CM/ECF.

The Court finds that the method chosen by Logan's counsel – filing an appearance so he can receive notice of public documents filed in the case – is a reasonable procedure for ensuring protection of Logan's CVRA rights. Defendants cite no authority to the contrary.[1] Moreover, neither Defendant asserts that he will be prejudiced by this procedure.

**IT IS ORDERED** that Defendant's motion to strike notice of appearance (Dkt. #130) is **denied**.

DATED this 4th day of January, 2010.

_David G. Campbell_
United States District Judge

---

[1] In support of the motion to strike, Defendants cite four cases, none of which is on point. In *United States v. Ingrassia*, 392 F. Supp. 2d 493 (E.D.N.Y. 2005), the court considered whether a large class of crime victims had to be notified of advancements in the case by certified mail, or whether notification via an online victim notification system was sufficient to ensure that the victims' rights were protected. In *Kenna v. United States District Court for the Central District of California*, 435 F.3d 1011 (9th Cir. 2006), the court considered whether the CVRA gives victims the right to be heard at sentencing. In *United States v. Hunter*, 548 F.3d 1308 (10th Cir. 2008), the court considered whether the CVRA gives victims the right to appeal a criminal sentence. And in *Rubin*, 558 F. Supp. 2d 411, the Court considered whether victims had the right to notice of a defendant's request to temporarily leave the country.