**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 09-712- PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon (1)<br>Daniel Mahon (2), | |
| Defendants. | |

Defendant Dennis Mahon has filed a motion to dismiss count three of the indictment for violation of First Amendment protections. Dkt. #155 at 1. The government opposes the motion (Dkt. #168) and Defendant has replied (Dkt. #186). The Court will deny the motion.

Count three charges Defendant with distribution of information regarding explosives under 18 U.S.C. § 842(p)(2)(A). That statute makes it "illegal for any person . . . to teach or demonstrate the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute by any means information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, with the intent that the teaching, demonstration, or information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence[.]" 18 U.S.C. § 842(p)(2)(A). Defendant argues that the government cannot prove he had the criminal intent to violate the statute. Dkt. #155 at 4. As a result, Defendant contends, the government is "attempt[ing] to criminalize protected speech in violation of the First Amendment." Dkt. #155 at 3.

Defendant's motion challenges the sufficiency of the evidence the government will produce at trial. The government asserts that it will produce evidence showing that Defendant had the criminal intent to violate the statute. Dkt. #168 at 2. "[T]he proper procedure for raising [a] challenge to the sufficiency of the government's evidence to support a finding [of an element of the offense is] by a motion for judgment of acquittal under Rule 29 and not by a pretrial motion to dismiss." *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993) (internal quotations and citations omitted).

**IT IS ORDERED** that Defendant's motion to dismiss count three for violation of First Amendment protections (Dkt. #155) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on December 21, 2009 for a total of 37days.

DATED this 26th day of January, 2010.

_____
David G. Campbell
United States District Judge