**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

United States of America,

        Plaintiff,

vs.

Dennis Mahon (1)
Daniel Mahon (2),

        Defendants.

No. CR 09-712- PHX-DGC

**ORDER**

Defendant Dennis Mahon asks the Court to order the government to produce, for *in camera* review, the personnel files of all law enforcement officers and federal agents it intends to call to testify in this case, as well as the personnel files of any confidential informants it intends to call to testify. Dkt. #153. The government opposes the motion (Dkt. #167) and Defendant has replied (Dkt. #189). The Court will deny the motion.

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the government must disclose exculpatory evidence in its possession. The government must review the personnel files and records of any law enforcement officers and federal agents who will testify at trial and must disclose to the defense any material, favorable evidence, including impeachment evidence. *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991).

Defendant relies on *Henthorn* to argue that the Court should order the government to produce for *in camera* review all personnel files of law enforcement officers or agents that will testify at trial. Dkt. #153 at 3. *Henthorn* clearly does not impose such an obligation on the government or the Court. *Henthorn* held that "when confronted with a request by a

defendant for the personnel files of testifying officers," the government "must 'disclose information favorable to the defense that meets the appropriate standard of materiality . . . . If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an *in camera* inspection and evaluation[.]'" 931 F.2d at 30-31 (quoting *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984)).

The government states that it intends to comply with this obligation for all witnesses in this case. Dkt. #167 at 2. Defendant has provided no reason for the Court to conclude that the government will not comply, and no reason, therefore, to require *in camera* review of all personnel files.

**IT IS ORDERED** that Defendant's motion for *Henthorn* review of agent and confidential informant personnel files (Dkt. #153) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on December 18, 2009 for a total of 40 days.

DATED this 26th day of January, 2010.

_____
David G. Campbell
United States District Judge