**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 09-712- PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon (1)<br>Daniel Mahon (2), | |
| Defendants. | |

The government has filed a motion to quash a subpoena issued by this Court at the request of Defendant Dennis Mahon. The subpoena directs the Scottsdale Police Department ("SPD") to produce copies of all reports related to this case. Dkt. #185. Defendant has filed a response and a motion to strike. Dkt. #188. For the reasons that follow, the Court will deny the government's motion to quash and deny Defendant's motion to strike as moot. The Court will require the government and SPD to produce reports in accordance with this order.

The federal government is prosecuting Defendant for the bombing of a Scottsdale city office, among other crimes. The SPD conducted an investigation of the crime and drafted reports. At Defendant's request, the Court issued a subpoena for all SPD reports related to this case. The government argues that the reports are protected from discovery by Federal Rule of Criminal Procedure 16(a)(2).

Rule 16 governs a criminal defendant's limited right to obtain discovery from the government. It specifies the information that may be discovered (Rule 16(a)(1)), but also provides that the defendant may not discover "reports, memoranda, or other internal

government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" (Rule 16(a)(2)). This protection clearly applies to reports created by federal law enforcement officers. The Ninth Circuit has held that it also extends to reports created by state and municipal law enforcement officers if those reports are in the physical possession of the federal government for the purpose of a single, unified prosecution. *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007).

When the subpoena was issued in this case, it appears that at least some of the SPD reports were in the physical possession of the SPD and had not been turned over to federal authorities. *See* Dkt. #185 at 3 (government stating that it has "requested the [SPD] deliver these materials to the United States Attorney's Office pending resolution of the government's motion," which reveals that the government did not yet have possession). The question before the Court, then, is whether the protection recognized in *Fort* applies to state and local reports that are not in the physical possession of the federal government.

To interpret Rule 16, *Fort* looked at its disclosure obligations and noted that the federal government was required to produce only those state and local documents that are actually within its physical possession. 472 F.3d at 1118 (citing *United States v. Gatto,* 763 F.2d 1040 (9th Cir. 1985)). *Fort* likewise noted that the Jencks Act requires production of documents "in the possession of the United States." *Id*. at 1116-17 (quoting 18 U.S.C. § 3500(a)). *Fort* concluded that Rule 16 should be read to create a symmetry between the government's disclosure obligations and those items that are protected from disclosure. If documents not in the possession of the federal government need not be disclosed by the federal authorities under Rule 16, then neither should such documents be subject to the protection of Rule 16(a)(2). As the Ninth Circuit explained:

> We believe that Rule 16(a)(2) is best read to create symmetry between the disclosure obligation and the exception to that obligation. Rule 16(a)(2) is, after all, an exception to the disgorgement requirement of Rule 16(a)(1)(E), which depends on the document's being "within the government's possession, custody, or control." In the context of this appeal, then, investigative reports created by state police officers *and turned over to federal prosecutors* to support a unified federal prosecution of defendants should be considered reports [that fall within Rule 16(a)(2)]."

1 *Fort*, 472 F.3d at 1118 (quoting Rule 16(a)(1)(E) and (a)(2)) (emphasis added). *Fort* accordingly held that "Rule 16(a)(2) extends to the San Francisco police reports created prior to federal involvement *but relinquished to federal prosecutors* to support a unified prosecution of Defendants for the same criminal activity that was the subject of the local investigation." *Id.* at 1119-20 (emphasis added).

Given the holding in *Fort*, the Court finds that Rule 16(a)(2) does not protect from disclosure SPD reports that were not relinquished to the federal government before the subpoena was issued. To hold that SPD reports are protected even if they have never been in federal possession would, under *Fort*'s demand for Rule 16 symmetry, impose on federal authorities an obligation to produce in discovery other SPD documents that are solely in the possession of the SPD. The Ninth Circuit has flatly rejected such a reading of Rule 16. *See United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987) ("[T]he triggering requirement of a discovery request under rule 16(a)(1)(C) is that the papers . . . requested be in the actual custody or control of the federal government); *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) ("[A] discovery request under [Rule 16(a)(1)(C)] 'triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody, or control.'").

Thus, *Fort*'s application to this case is clear. SPD reports are protected by Rule 16(a)(2) only if they were in the federal government's possession when the subpoena was issued. Because the government does not contend that all SPD reports meet this requirement, the motion to quash the subpoena will be denied.[1]

It appears, however, that some of the SPD reports may have been in federal possession when the subpoena was served. *See* Dkt. #192 at 3-4 & n. 2 (government assertion that it received many reports from the SPD before the subpoena was issued). The government is directed to work with the SPD and, by **February 12, 2010**, produce to Defendant Dennis

---

[1] As the Court will deny the motion to quash, it need not consider Defendant's argument that the government does not have standing to object to the subpoena. *See* Dkt. #188 at 2.

- 3 -

Mahon all documents covered by the subpoena, except SPD documents that fall within Rule 16(a)(2) and that were in the federal government's possession – either originals or copies – when the subpoena was served.[2]

**IT IS ORDERED:**

1. The government's motion to quash subpoena (Dkt. #185) is **denied**.
2. Defendant's motion to strike (Dkt. #188) is **denied as moot**.
3. The government shall produce documents in accordance with this order by **February 12, 2010**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on January 15, 2010 for a total of 19 days.

DATED this 2nd day of February, 2010.

_____
David G. Campbell
United States District Judge

---

[2] When the subpoena was served, the government obtained from SPD a box of responsive documents. Those documents subsequently were delivered to the Court. The government shall retrieve the box in order to comply with this order.