**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-09-712-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dennis Mahon (01) ) Daniel Mahon (02), ) | |
| Defendants. ) | |

Defendant Daniel Mahon has filed a motion to sever. Dkt. #258. Daniel's brother and co-defendant, Dennis Mahon, has joined the motion. Dkt. #262. The motion is fully briefed. Dkt. #277, 283. No party has requested oral argument. For reasons that follow, the Court will deny the motion.

The government issued a three-count indictment on June 16, 2009. Dkt. #3. Count one charges Defendants with conspiring, between September 2003 and January 2009, to damage buildings and property by means of explosives in violation of 18 U.S.C. § 844(n) and (i). *Id.* at 1-4. The alleged objects of the conspiracy were to "promote racial discord on behalf of the 'White Aryan Resistance' (WAR) by damaging and destroying buildings" and to "teach the tactics of terrorism with the intent that others commit violent acts on behalf of WAR." *Id.* at 2. Count two charges Dennis with malicious damage of a building by means of an explosive in violation of 18 U.S.C. § 844(i), and count three charges him with distribution of information regarding explosives under 18 U.S.C. § 842(p)(2)(A). *Id.* at 4-5.

Defendants argue that count three is improperly joined with counts one and two and

therefore should be severed pursuant to Rule 8 of the Federal Rules of Criminal Procedure. Dkt. #258 at 3-5. Defendants further argue that separate trials are required under Rule 14 in order to avoid irreparable prejudice to Daniel. *Id.* at 5-8.

### I.     Joinder Under Rule 8.

Rule 8(a) provides for the joinder of two or more offenses if (1) they are of similar character, (2) they are based on the same act or transaction, or (3) they constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). The validity of joinder under Rule 8(a) "is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). "Rule 8(a) is to be interpreted broadly in favor of joinder." *United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir. 1988).

The Court agrees with the government (Dkt. #277 at 6-7) that count three properly is joined with counts one and two because each count is alleged to be part of a common scheme or plan. Count three alleges that Dennis "taught an individual how to blow up a house using simple tools and a propane tank, taught that individual how to construct a pipe bomb, [and] mailed to that individual [certain books] with the intent that the teaching, demonstration, and information be used in furtherance of . . . a Federal crime of violence[.]" Dkt. #3 at 5. These acts form part of the alleged conspiracy between Defendants to "teach the tactics of terrorism with the intent that others commit violent acts," to "teach an individual how to build a package containing a pipe bomb," and to "send to others training materials on the production of and use of explosives[.]" *Id.* at 2. Joinder of the three counts charged in the indictment is proper under Rule 8(a).

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Rule 8(b) therefore provides that defendants may be joined in an indictment if they are alleged to have participated in "the same series of acts or transactions" constituting an offense. Fed. R. Crim. P. 8(b); *see Zafiro*, 506 U.S. at 537.

Joinder of Defendants is proper under Rule 8(b) because Defendants are alleged in count one of the indictment to have engaged in a conspiracy to damage buildings by means

of explosives. Dkt. #3 at 1-4. The fact that counts two and three are asserted only against Dennis does not render joinder improper. Rule 8(b) makes clear that "defendants may be charged in one or more counts together or separately," and that "[a]ll defendants need not be charged in each count." Fed. R. Crim. P. 8(b). Defendants have not shown that their joinder in the indictment is improper under Rule 8(b).

## II. Severance Under Rule 14.

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Defendants seek separate trials under Rule 14(a) on the ground that Daniel would be unfairly prejudiced by evidence presented solely against Dennis. Dkt. #258 at 5-8. Defendants contend that the investigation primarily focused on Dennis, that the evidence gathered consists almost entirely of statements made by him, and that no evidence demonstrates a link between Daniel and the bombing alleged in count two of the indictment. *Id.* at 6.

This Circuit has made clear that "a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004); *see United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (the general rule in favor of joint trials "is also the rule in conspiracy cases"). A severance-seeking defendant carries a heavy burden to overcome this presumption. To obtain severance under Rule 14(a), "[t]he defendant must demonstrate that a joint trial is 'so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.'" *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1981) (quoting *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)); *see Escalante*, 637 F.2d at 1201 (the party seeking "severance . . . has the burden of proving 'clear,' 'manifest.' or 'undue' prejudice from the joint trial") (citations

1 | omitted); *United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994) ("Rule 14 sets a high standard for a showing of prejudice.").

The government argues that a joint trial is appropriate because Defendants are alleged to have knowingly taken part in the same conspiracy. Dkt. #277 at 2. The Court agrees.

Count one of the indictment is conspiracy to damage buildings and property by means of explosives. Dkt. #3 at 1. An object of the conspiracy was to "promote racial discord on behalf of [WAR] by damaging and destroying buildings" of the government and businesses "whose activities defendants believed conflicted with their goals." *Id.* at 2. The bombing at the Scottsdale Office of Diversity and Dialogue is alleged to be one of the means and overt acts in furtherance of the conspiracy. *Id.* at 2-3. Because the Scottsdale bombing is part of the conspiracy charged against both Defendants in count one, evidence of the bombing would likely be admissible in a separate trial of Daniel. *See United States v. Harris*, 738 F.2d 1068, 1073 (9th Cir. 1984); *United States v. Baker*, 10 F.3d 1374, 1389 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).

While the factual allegations in the indictment suggest that most incriminating evidence relates to Dennis, the Court will instruct the jurors that they are to consider each defendant's guilt separately from the guilt of the other defendant. "The prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge." *Escalante*, 637 F.2d at 1201. Given these considerations, the Court concludes that Defendants "[have] not carried the difficult burden of demonstrating undue prejudice from a joint trial[.]" *United States v. Tousant*, 619 F.2d 810, 814 (9th Cir. 1980). The Court will deny Defendants' motion to the extent they seek separate trials.[1]

---

[1] The Court will not consider Daniel's argument, made for first time in his reply brief (Dkt. #283 at 2), that a joint trial will violate *Crawford* and *Bruton*. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

- 4 -

**IT IS ORDERED** that Defendants' motion to sever (Dkt. #258) is **denied**. Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on March 8, 2010 for a total of 19 days.

DATED this 26th day of March, 2010.

_____
David G. Campbell
United States District Judge