INDEX OF EXHIBITS

United States v. Dennis Mahon

CR-09-712-PHX-DGC

Exhibit A . . . . . . . . . . . . . . . . . . . . . . . . . . . . Application for Interception of Wire Communications dated 11/16/2007

Exhibit B . . . . . . . . . . . . . . . . . . . . . . . . . . . Order Authorizing Interception of Wire Communications dated 11/16/2007

Exhibit C . . . . . . . . . . . . . . . . . . . . . . . . . . Orders Authorizing Interception of Wire Communications dated 12/17/07, 1/17/08, 2/15/08, 3/17/08, 4/4/08 & 5/12/08

Exhibit D . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Report of Investigation No. 61

Exhibit E . . . . . . . . . . . . . . . . . . . . . . . . . . . . Call No. 1615 dated 2/24/08 (CD)

Exhibit F . . . . . . . . . 5/25/2001 KFYI Radio Show of Charles Goyette Transcript

Exhibit G . . . . . . . . . . . . . . . . . . . . . Interview of Velicia McMillan dated 2/26/04

Exhibit H . . . . . . . . . . . . . . . . . . . . . . Interview of Jacque Bell dated 2/26/04

Exhibit I . . . . . . . . . . . . . . . . . . . . . . . . . Report of Investigation dated 6/17/04

Exhibit J . . . . . . . . . . . . . . . . . . . . . . . . Arizona Republic article dated 2/29/04

Exhibit K . . . . . . . . Memorandum of Interview of Sandra Rembrandt dated 3/9/04

Exhibit L . . . . . . . . . . . . . . . . . . . . . . . . . Report of Investigation dated 6/18/04

Exhibit M . . . . . . . . . . . . . . . . . . . . . . . Report of Investigation date 6/17/04

Exhibit N . . . . . . . . . . . . . . . . . . . . . . . . . . Resignation letter of Daniel Mahon

Exhibit O . . . . . . . . Mesa Police Department Supplemental Report dated 10/10/03

Exhibit P . . . . . . . . Mesa Police Department Supplemental Report dated 10/14/03

Exhibit Q . . . . . . . . . . . . . . . . . . . . . . . . . . . Report of Investigation No. 49

Exhibit R . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Investigative Lead List

Exhibit S . . . . . . . . . . . . . . . . . . Video Clip of trip to downtown Scottsdale dated 5/1/07 (ATF exhibit E-043) (CD)

# Exhibit A



1    DANIEL G. KNAUSS
     United States Attorney
2    District of Arizona

     KEITH E. VERCAUTEREN
3    Assistant United States Attorney
     State Bar Number: 013439
     Two Renaissance Square
4    40 North Central Avenue, Suite 1200
     Phoenix, Arizona 85004
5    Telephone (602) 514-7500
     keith.vercauteren@usdoj.gov

6

7                UNITED STATES DISTRICT COURT

8                  DISTRICT OF ARIZONA

9    IN THE MATTER OF THE            WT 07-24-PHX- JAT
     APPLICATION OF THE UNITED
10   STATES OF AMERICA FOR AN ORDER
     AUTHORIZING THE INITIAL
11   INTERCEPTION OF WIRE         APPLICATION FOR
     COMMUNICATIONS TO AND FROM:   INTERCEPTION OF WIRE
12                            COMMUNICATIONS
     CELLULAR TELEPHONE NUMBER
13   (815)980-7337 WITH ELECTRONIC     (Filed Under Seal)
     SERIAL NUMBER (ESN) #
14   A100000014E63E, TARGET
     TELEPHONE 1.
15

16

17        Keith E. Vercauteren, Assistant United States Attorney, District of Arizona, under penalty

18 of perjury, hereby declares:

19        I am an investigative or law enforcement officer of the United States within the meaning of

20 Title 18, United States Code, § 2510(7), that is, an attorney authorized by law to prosecute or

21 participate in the prosecution of offenses enumerated in Title 18, United States Code, § 2516.

22        Pursuant to Title 18, United States Code, § 2516, the Attorney General of the United States

23 has specially designated the Assistant Attorney General, any Acting Assistant Attorney General in

24 charge of the Criminal Division, any Deputy Assistant Attorney General or Acting Deputy Assistant

25 Attorney General of the Criminal Division to exercise the power conferred on the Attorney General

26 by Title 18, United States Code, § 2516 to authorize this application. Under the power designated

27 to him by special designation of the Attorney General, pursuant to Order Number 2887-2007 of July

28 3, 2007, an appropriate official of the Criminal Division has authorized this application.

1  Attached to this application as Exhibit A, and incorporated by reference herein, are copies of the
2  Attorney General's order of special designation and the Memorandum of Authorization, signed by
3  Barry Sabin, Deputy Assistant Attorney General, Criminal Division, approving this application.

4      The attached Affidavit contains a full and complete statement of facts concerning all previous
5  applications which are known to have been made to any judge of competent jurisdiction for approval
6  of the interception of the oral, wire or electronic communications of any of the same individuals,
7  facilities, or premises specified in this Application.

8      This application is for an Order pursuant to Title 18, United States Code, § 2518, authorizing
9  the initial interception of wire communications over **Target Telephone (815)980-7337**, and for
10 global positioning system (GPS) information for GPS-capable target telephone, until the attainment
11 of the authorized objectives or, in any event, for a thirty (30) day period measured from the earlier
12 of the day on which the investigative or law enforcement officers first begin to conduct an
13 interception under the Court's Order, or ten (10) days after the Order is entered.

14     This application seeks authorization to intercept the wire communications of Dennis Mahon,
15 Daniel Mahon, Tom Metzger, Charles Kountze, John McLaughlin, and Robert Joos, hereafter
16 referred to as the **Target Subjects**, and others as yet unknown, concerning offenses enumerated in
17 Section 2516 of Title 18, United States Code, that being: offenses involving violation of Title 18
18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy), 842(Information Relating to Explosive
19 Materials), 844(i)(Unlawful Use of Explosives), 924(c)(Unlawful Use or Possession of Firearms),
20 2339A(Providing material Support to Terrorists), and Title 26 U.S.C. § 5861(d)(Unlawful
21 Possession of Firearms), which offenses have been committed, are being committed, and will
22 continue to be committed by the **Target Subjects** and others yet unknown.

23     Specifically, there is probable cause to believe the **Target Subjects**, and others yet unknown,
24 are utilizing and will continue to utilize the following instrument in furtherance of, in connection
25 with, to facilitate, to accomplish and to commit the above-enumerated offenses:

26
27
8

**Target Telephone # 1**, Cellular telephone # **(815)980-7337**, was issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1]    **Target Telephone # 1** is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.  **Target Telephone # 1** is utilized by Dennis Mahon.

There is probable cause to believe that **Target Telephone  (815)980-7337** is, or may be equipped with Global Positioning System (GPS) technology.  The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information.  Relevant information on the location and travel of **Target Telephone (815)980-7337**, and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives.

I have discussed all of the circumstances of the above offenses with Special Agent Tristan Moreland of the Bureau of Alcohol, Tobacco, Firearms & Explosives, Phoenix, Arizona, who has directed and conducted the investigation herein, and have examined the affidavit of Special Agent Tristan Moreland, which is attached to this application as Exhibit B, and which is incorporated by reference.  Based upon that affidavit, your applicant states upon information and belief:

That there is probable cause to believe that particular communications of the **Target Subjects**, and others as yet unknown or unidentified will be obtained through the interception of wire communications to and from **Target Telephone (815)980-7337**.  These communications are expected to concern:

    a.    the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in

---

[1]  An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

    b.     the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

    c.     the locations and items used in furtherance of the illegal activities;

    d.     the existence and location of records relating to those activities; and

    e.     the location and source of money and resources used to finance the illegal activities.

       In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses.

       That, as explained in greater detail in the affidavit of Special Agent Tristan Moreland, normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation;

       Except for the one prior wire interception of Dennis Mahon in 1990 described in the attached affidavit, the individuals making this application know of no other applications that have been made to any judge of the United States for authorization to intercept, or for approval of interception of wire, oral, or electronic communications involving any of the same persons, facilities, or places specified in this application; and,

       That there is probable cause to believe that the **Target Telephone** described above has been used, is currently being used and will continue to be used by the **Target Subjects** in connection with the commission of the above-described offenses.

       On the basis of the allegations contained in this application and on the basis of the attached affidavit of Special Agent Tristan Moreland,

       **IT IS HEREBY REQUESTED** that this Court issue an Order, pursuant to the power conferred on it by Title 18, United States Code, § 2518, authorizing the Bureau of Alcohol, Tobacco, Firearms & Explosives, other authorized law enforcement officers and any individuals operating under contract with the government acting under authorized supervision, to intercept wire

4

communications of the above-described individuals to and from the above-described **Target Telephone** within the authorized period concerning the above-described offenses.

**IT IS REQUESTED FURTHER,** that pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d) because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may facilitate the execution of the order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits, [2/] captured during the wire interception on **Target Telephone** (815)980-7337, within 24 hours of an oral or written demand

---

[2/] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

5

by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephone (815)980-7337**.

IT IS REQUESTED FURTHER that, Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephone (815)980-7337**. Because the GPS information will be used to identify locations used by the targets of the investigation in connection with their illegal activities, the undersigned requests that the Court's Order authorize the acquisition and use of the GPS information whether **Target Telephone (815)980-7337** is located in a public place or on private property. The Applicant further requests that the Order authorize that monitoring agents, in the event that **Target Telephone (815)980-7337** travel outside the territorial jurisdiction of this Court, be allowed to continue to obtain the GPS information in any jurisdiction within the United States.

The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed targets as outlined in Special Agent Tristan Moreland's affidavit.

IT IS FURTHER REQUESTED that the Court's Order provide that such interceptions not automatically terminate after the first interception that reveals the manner in which the named interceptees and other conspirators are conducting their illegal activities, but permit the interception to continue until it reveals the identities of all confederates, their places of operation, and the nature of the conspiracy involved, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order for the initial interceptions run from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's Order or ten (10) days after the Order is entered.

IT IS FURTHER REQUESTED that the authorization given apply not only to **Target**

6

14

Telephone (815)980-7337, but shall also apply to any changed telephone numbers subsequently assigned to the instrument bearing the same ESN number as **Target Telephone (815)980-7337**, within the (30) day period.

**IT IS FURTHER REQUESTED** that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further Order of this court. The United States will advise the court of the change of service provider in the periodic progress reports submitted to this court.

**IT IS FURTHER REQUESTED** that, in the event **Target Telephone (815)980-7337** is transferred outside the territorial jurisdiction of this Court, interception may take place within any other jurisdiction within the United States, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER REQUESTED** that the Court's Order authorize interception of background conversations which are heard over **Target Telephone (815)980-7337** when the target telephone is off the hook or otherwise in use.

**IT IS FURTHER REQUESTED** that this Court issue an Order directing all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

**IT IS FURTHER REQUESTED** that this Court issue an Order directing monitoring be conducted on a 24-hour basis. In addition, pursuant to Chapter 119 of Title 18, United States Code, authorization is requested to permit after-the-fact minimization for communications should the conversation be in code or foreign language, and an expert in that code or foreign language is not

7

15

1   reasonably available during the interception period.    In any event, minimization will be

2   accomplished as soon as practicable after such interception.

3       **IT IS FURTHER REQUESTED** that this Court issue an Order pursuant to Title 18, United

4   States Code, § 2518(4), directing that Sprint Nextel, electronic communications service provider as

5   defined in Title 18, United States Code, § 2510(15), and any subsequent service provider which

6   provides service to the target telephone, furnish and continue to furnish the applicant and Bureau

7   of Alcohol, Tobacco, Firearms and Explosives, forthwith all information, facilities, and technical

8   assistance necessary to accomplish the interceptions unobtrusively and with a minimum of

9   interference with the services that such provider is according the persons whose communications

10  are to be intercepted, and to ensure an effective and secure installation of electronic devices capable

11  of intercepting wire communications over the above-described telephones. The reasonable expenses

12  incurred through the furnishing of such facilities or technical assistance by Sprint Nextel are to be

13  compensated for by Bureau of Alcohol, Tobacco, Firearms and Explosives.

14      **IT IS FURTHER REQUESTED** that, to avoid prejudice to this criminal investigation, the

15  Court order the said provider of electronic communications service and its agents and employees

16  not to disclose or cause a disclosure of this Court's Order or the request for information, facilities,

17  and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the

18  investigation to any person other than those of its agents and employees who require said

19  information to accomplish the services hereby requested. In particular, said provider and its agents

20  and employees should be ordered not to make such disclosure to a lessee, telephone subscriber, or

21  any interceptee or participant in the intercepted communications.

22      **IT IS FURTHER REQUESTED** that this Court direct that its Order be executed as soon

23  as practicable after it is signed and that all monitoring of wire communications be conducted in such

24  a way as to minimize the interception and disclosure of the communications intercepted other than

25  those communications relevant to the pending investigation in accordance with the requirements of

26  Chapter 119 of Title 18, United States Code.

27      **IT IS FURTHER REQUESTED** that the Court order the interception of wire communica-

18  tions authorized herein to terminate upon attainment of the authorized objectives or, in any event,

8

at the end of thirty (30) days calculated from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's Order or ten (10) days after the Order is entered for initial interceptions and thirty (30) days from the date of the Court's Order for continued interceptions.

**IT IS FURTHER REQUESTED** that the Court order that the applicant or any other Assistant United States Attorney familiar with the facts of this case provide to the Court a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the aforementioned reports should become due on a weekend or holiday, such report should become due on the next business day thereafter.

**IT IS FURTHER REQUESTED** that the Court order that no inventory or return of the results of the foregoing electronic surveillance and interception be required to be made, other than the above-required reports, before ninety (90) days from the date of the expiration of this Court's Order, or any extension of the order.

**IT IS FURTHER REQUESTED** that the Court order that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER REQUESTED** that the Court order that its Orders, this application and the accompanying affidavit and proposed Orders, and all interim reports filed with the Court with regard to this matter, be sealed until further Order of this Court, except that copies of the Court's Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the service provider as necessary to effectuate the Court's Order as set forth in the proposed Order accompanying this application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ , 2007.

DANIEL G. KNAUSS
United States Attorney
District of Arizona


KEITH E. VERCAUTEREN
Assistant United States Attorney

17

9

# Exhibit B

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF ARIZONA

8

9 | IN THE MATTER OF THE
APPLICATION OF THE UNITED
10 | STATES OF AMERICA FOR AN ORDER
AUTHORIZING THE INITIAL
11 | INTERCEPTION OF WIRE
COMMUNICATIONS TO AND FROM:

WT 07-9̶4̶-P̶H̶X̶-JA̶T̶

ORDER AUTHORIZING
INTERCEPTION OF WIRE
COMMUNICATIONS

12 | CELLULAR TELEPHONE NUMBER
(815)980-7337 WITH ELECTRONIC
13 | SERIAL NUMBER (ESN) #
A100000014E63E, **TARGET**
14 | **TELEPHONE 1.**

15
16
17        Application under penalty of perjury having been made before me by Keith E. Vercauteren,

18   Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer

19   of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order,

20   pursuant to Title 18, United States Code, Section 2518, authorizing the initial interception of wire

21   communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles Kountze, John

22   McLaughlin, Robert Joos, herein after referred to as the **Target Subjects**, and others as yet

23   unknown, concerning offenses enumerated in Title 18, United States Code, Section 2516, that being:

24   violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy), 842(Information

25   Relating to Explosive Materials), 844(i)(Unlawful Use of Explosives), 924(c)(Unlawful Use or

26   Possession of Firearms), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. §

27   5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue

28   to be committed by the **Target Subjects** and others yet unknown.

1

Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been given to the matters set forth herein, the Court finds:

1.    That there is probable cause to believe the **Target Subjects**, and others yet unknown, are utilizing and will continue to utilize the following instrument in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

A.    **Target Telephone # 1**, (815)980-7337, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1/]  **Target Telephone #1**, (815)980-7337, is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois. **Target Telephone #1**, (815)980-7337, is utilized by Dennis Mahon.

2.    That there is probable cause to believe that **Target Telephone #1 (815)980-7337** is, or may be equipped with Global Positioning System (GPS) technology. The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information. Relevant information on the location and travel of **Target Telephone #1 (815)980-7337** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

3.    That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects**, and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephone #1 (815)980-7337**. These communications are expected to concern the specifics of the above offenses, including:

a.    the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device

_____

[1/]  An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

      b.     the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

      c.     the locations and items used in furtherance of the illegal activities;

      d.     the existence and location of records relating to those activities; and

      e.     the location and source of money and resources used to finance the illegal activities.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

      4.     That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

      5.     That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

**WHEREFORE, IT IS HEREBY ORDERED** that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephone #1 (815)980-7337**, within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephone #1 (815)980-7337** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first

3

3

1   interception that reveals the manner in which the alleged co-conspirators and others as yet unknown

2   conduct their illegal activities, but may continue until all communications are intercepted which

3   fully reveal the manner in which the above-named persons and others as yet unknown are

4   committing the offenses described herein, and which fully reveal the identities of their confederates,

5   their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty

6   (30) days, whichever is earlier; and that the time set forth in the Order for initial interceptions run

7   from the earlier of the day on which investigative or law enforcement officers first begin to conduct

8   an interception under this Court's Order or ten (10) days after the Order is entered.

9       **IT IS FURTHER ORDERED** that based upon the request of the Applicant pursuant to Title

10  18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are

11  reasonable grounds to believe that such information is relevant and material to an ongoing criminal

12  investigation, that Sprint Nextel, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless,

13  Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company,

14  General Telephone Equipment company (GTE), American Telephone and Telegraph Company

15  (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm),

16  GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada

17  Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity

18  providing wire and/or electronic communications service in the United States whose assistance may

19  facilitate the execution of the Order, be ordered to supply the following subscriber information: (A)

20  name; (B) address; (C) local and long distance telephone connection records, or records of session

21  times and durations; (D) length of service (including start date) and types of service utilized; (E)

22  telephone or instrument number or other subscriber number or identity, including IMSI and ESN,

23  as well as any temporarily assigned network address; and (F) means and source of payment for such

24  service (including any credit card or bank account number) of a subscriber to or customer of a wire

25  communications service or remote computing service for published, non published, or unlisted

26  dialing, routing, addressing, or signaling information, including post cut through digits,[2] captured

27

28      [2] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the

4

during the wire interception on **Target Telephone #1 (815)980-7337**, within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephone #1 (815)980-7337**. The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed **Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephone #1 (815)980-7337**. Because the GPS information will be used to identify locations used by the targets of the investigation in connection with their illegal activities, it is ordered authorizing the acquisition and use of the GPS information whether **Target Telephone #1 (815)980-7337** is located in a public place or on private property. It is further ordered authorizing monitoring agents, in the event that **Target Telephone #1 (815)980-7337** travel outside the territorial jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title 18, United States Code, § 2518(4), Sprint Nextel, electronic communications service provider as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco, Firearms

---

place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

5

& Explosives, forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire communications over the above-described telephones and any various and changing cellular telephones used by Dennis Mahon with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

**IT IS FURTHER ORDERED** that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**IT IS FURTHER ORDERED** that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States in the event **Target Telephone #1 (815)980-7337** is transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER ORDERED** that this Order is binding on any subsequent service provider which provides service to the target telephone number and any various and changing cellular telephones used by Dennis Mahon upon service of a certified copy of this Order without further Order of this Court being required.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephone is supplied to another service provider.

**IT IS FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the

6

interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's Order or ten (10) days after the Order is entered for initial interceptions.

IT IS FURTHER ORDERED that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

IT IS FURTHER ORDERED that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

IT IS FURTHER ORDERED that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

7

7

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any extension of this Order,

**PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further Order of this Court , except that copies of the Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to effectuate this order.

DATED this __16__ day of _____NOV_____, 2007.

JAMES A. TEILBORG
United States District Judge

I hereby attest and certify on __11-16-07__ that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By_____ Deputy

8

8

# Exhibit C

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

    DEC 1 7 2007

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY                  P DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE CONTINUATION OF INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM: | WT 07-24-PHX-JAT |
| | **ORDER AUTHORIZING INTERCEPTION OF WIRE COMMUNICATIONS** |
| CELLULAR TELEPHONE NUMBER **(815)980-7337** WITH ELECTRONIC SERIAL NUMBER (ESN) # A100000014E63E, **TARGET TELEPHONE 1**; AND | |
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INITIAL INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM: | |
| CELLULAR TELEPHONE NUMBER **(815)393-4626** WITH ELECTRONIC SERIAL NUMBER (ESN) # A0000003C57C5C, **TARGET TELEPHONE 2**, AND | |
| CELLULAR TELEPHONE NUMBER **(815)501-5260** WITH ELECTRONIC SERIAL NUMBER (ESN) # A00000031820EC, **TARGET TELEPHONE 3**. | |

Application under penalty of perjury having been made before me by Keith E. Vercauteren, Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order,

79

1  pursuant to Title 18, United States Code, Section 2518, authorizing the continuation and initial

2  interception of wire communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles

3  Kountze, John McLaughlin, Robert Joos, herein after referred to as the **Target Subjects**, and others

4  as yet unknown, concerning offenses enumerated in Title 18, United States Code, Section 2516, that

5  being:   violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy),

6  842(Information Relating to Explosive Materials), 844(i)(Unlawful Use of Explosives),

7  924(c)(Unlawful Use or Possession of Firearms), 1952 (Interstate and Foreign Travel or

8  Transportation in aid of Racketeering Enterprises), 1959 (Relating to Violent Crimes in Aid of

9  Racketeering Activity), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. §

10  5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue

11  to be committed by the **Target Subjects** and others yet unknown.

12  Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been

13  given to the matters set forth herein, the Court finds:

14  1.   That there is probable cause to believe the **Target Subjects**, and others yet

15  unknown, are utilizing and will continue to utilize the following instrument in furtherance of, in

16  connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

17  A.   **Target Telephone # 1, (815)980-7337**, issued by Sprint Nextel, bearing

18  Electronic Serial Number (ESN) A100000014E63E. [1/]   **Target Telephone #1, (815)980-7337**, is

19  subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois. **Target**

20  **Telephone #1, (815)980-7337**, is utilized by Dennis Mahon.

21  B.   **Target Telephone #2, (815)393-4626**, issued by Sprint Nextel, bearing

22  Electronic Serial Number (ESN) A0000003C57C5C. **Target Telephone #2, (815)393-4626**, is

23  subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois . **Target**

24  **Telephone #2** is utilized by Dennis Mahon.

25  C.   **Target Telephone #3, (815)501-5260**, issued by Sprint Nextel, bearing

26  Electronic Serial Number (ESN) A00000031820EC. **Target Telephone #3, (815)501-5260**, is

27

28  [1/] An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

subscribed to by Daniel Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois . **Target Telephone #3, (815)501-5260**, is utilized by Daniel Mahon and Dennis Mahon.

2.    That there is probable cause to believe that **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260** are, or may be equipped with Global Positioning System (GPS) technology.   The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information.  Relevant information on the location and travel of **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

3.    That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects**, and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**. These communications are expected to concern the specifics of the above offenses, including:

a.    the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

b.    the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

c.    the locations and items used in furtherance of the illegal activities;

d.    the existence and location of records relating to those activities; and

3

e.    the location and source of money and resources used to finance the illegal activities.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

4.    That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

5.    That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

**WHEREFORE, IT IS HEREBY ORDERED** that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**, within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which fully reveal the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order run from the date this Order is signed for the continued interception of wire communication on target telephone (815)980-7337 (**T1**), and from the earlier of the day on which investigative or law enforcement officers first begin

4

82

to conduct an interception under this Court's Order or ten (10) days after the Order is entered for the initial interception of wire communication on target telephones (815)393-4626 (**T2**) and (815)501-5260 (**T3**).

**IT IS FURTHER ORDERED** that based upon the request of the Applicant pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may facilitate the execution of the Order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits, [2/] captured

---

[2/] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

5

during the wire interception on **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**, within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**. The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed **Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**. Because the GPS information will be used to identify locations used by the targets of the investigation in connection with their illegal activities, it is ordered authorizing the acquisition and use of the GPS information whether **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** are located in a public place or on private property. It is further ordered authorizing monitoring agents, in the event that **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** travel outside the territorial jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title 18, United States Code, § 2518(4), Sprint Nextel, electronic communications service provider as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco, Firearms & Explosives, forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire

communications over the above-described telephones and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

**IT IS FURTHER ORDERED**    that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered.  In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**IT IS FURTHER ORDERED** that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States   in the event **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** are transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER ORDERED** that this Order is binding on any subsequent service provider which provides service to the target telephone numbers and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon upon service of a certified copy of this Order without further Order of this Court being required.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephones are supplied to another service provider.

**IT IS FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code.  The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated

7

from the date this Order is signed for the continued interception of wire communication on target telephone (815)980-7337 (**T1**), and from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's Order or ten (10) days after the Order is entered for the initial interception of wire communication on target telephones (815)393-4626 (**T2**) and (815)501-5260 (**T3**).

**IT IS FURTHER ORDERED** that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

**IT IS FURTHER ORDERED** that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

**IT IS FURTHER ORDERED** that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the

8

1  above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any

2  extension of this Order,

3  **PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent

4  jurisdiction, the service of the above inventory or return may be postponed for a further reasonable

5  period of time.

6  **IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders,

7  and all interim reports filed with this Court with regard to this matter shall be sealed until further

8  Order of this Court , except that copies of the Orders, in full or redacted form, may be served on the

9  Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to

10  effectuate this order.

11  DATED this _/7_ day of _DEC_ _____, 2007.

12

13

14  JAMES A. TEILBORG
    United States District Judge

15

16

17

18

19

20

21

22

23

24  I hereby attest and certify on _12/7/07_
25  that the foregoing document is a full, true and correct
    copy of the original on file in my office and in my cus-
26  tody.
    CLERK, U.S. DISTRICT COURT
27  DISTRICT OF ARIZONA
    by _____ Deputy
28

9

87

```
  ┌─────────────────────────────────┐
  │ ✓ FILED        ___ LODGED        │
  │ ___ RECEIVED   ✓ COPY            │
  │                                  │
  │         JAN 1 7 2008             │
  │                                  │
  │     CLERK U S DISTRICT COURT     │
  │       DISTRICT OF ARIZONA        │
  │   BY _____ B DEPUTY   │
  └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
AUTHORIZING THE **CONTINUATION**
OF INTERCEPTION OF WIRE
COMMUNICATIONS TO AND FROM:

CELLULAR TELEPHONE NUMBER
(815)980-7337 BEARING  ELECTRONIC
SERIAL NUMBER (ESN) #
A100000014E63E, **TARGET
TELEPHONE 1**; AND

CELLULAR TELEPHONE NUMBER
(815)393-4626 BEARING ELECTRONIC
SERIAL NUMBER (ESN) #
A0000003C57C5C, **TARGET
TELEPHONE 2**, AND

CELLULAR TELEPHONE NUMBER
(815)501-5260 BEARING ELECTRONIC
SERIAL NUMBER (ESN) #
A00000031820EC, **TARGET
TELEPHONE 3**.

**WT 07-24-PHX-JAT**

**ORDER AUTHORIZING
INTERCEPTION OF WIRE
COMMUNICATIONS**

Application under penalty of perjury having been made before me by Keith E. Vercauteren, Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order, pursuant to Title 18, United States Code, Section 2518, authorizing the continuation of interception of wire communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles Kountze, John McLaughlin, Robert Joos, herein after referred to as the **Target Subjects**, and others as yet unknown, concerning offenses enumerated in Title 18, United States Code, Section 2516, that being:

169

violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy), 842(Information Relating to Explosive Materials), 844(i)(Unlawful Use of Explosives), 924(c)(Unlawful Use or Possession of Firearms), 1952 (Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises), 1959 (Relating to Violent Crimes in Aid of Racketeering Activity), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. § 5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue to be committed by the **Target Subjects** and others yet unknown.

Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been given to the matters set forth herein, the Court finds:

1.    That there is probable cause to believe the **Target Subjects**, and others yet unknown, are utilizing and will continue to utilize the following instruments in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

A.    **Target Telephone # 1, (815)980-7337**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1/]   **Target Telephone #1, (815)980-7337**, is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.   **Target Telephone #1, (815)980-7337**, is utilized by Dennis Mahon.

B.    **Target Telephone #2, (815)393-4626**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A0000003C57C5C.   **Target Telephone #2, (815)393-4626**, is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.   **Target Telephone #2** is utilized by Dennis Mahon.

C.    **Target Telephone #3, (815)501-5260**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A00000031820EC.   **Target Telephone #3, (815)501-5260**, is subscribed to by Daniel Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.   **Target Telephone #3, (815)501-5260**, is utilized by Daniel Mahon and Dennis Mahon.

---

[1/]  An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

2.      That there is probable cause to believe that **Target Telephones (815)980-7337,** **(815)393-4626** and **(815)501-5260** are, or may be, equipped with Global Positioning System (GPS) technology.    The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information.    Relevant information on the location and travel of **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

3.      That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects,** and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260.**  These communications are expected to concern the specifics of the above offenses, including:

a.      the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

b.      the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

c.      the locations and items used in furtherance of the illegal activities;

d.      the existence and location of records relating to those activities; and

e.      the location and source of money and resources used to finance the illegal activities.

3

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

4.    That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

5.    That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

**WHEREFORE, IT IS HEREBY ORDERED** that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260**, within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which fully reveal the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order run from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260**.

4

**IT IS FURTHER ORDERED** that based upon the request of the Applicant pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may facilitate the execution of the Order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits,[2/] captured during the wire interception on **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260**, within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical

---

[2/] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

5

address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260**. The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed **Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260**. Because the GPS information will be used to identify locations used by the targets of the investigation in connection with their illegal activities, it is ordered authorizing the acquisition and use of the GPS information whether **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260** are located in a public place or on private property. It is further ordered authorizing monitoring agents, in the event that **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260** travel outside the territorial jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title 18, United States Code, § 2518(4), Sprint Nextel, electronic communications service provider as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco, Firearms & Explosives, forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire communications over the above-described telephones and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

6

**IT IS FURTHER ORDERED**   that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered.  In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**IT IS FURTHER ORDERED** that the authorization given apply not only to **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**, but shall also apply to any changed telephone numbers subsequently assigned to the instrument bearing the same ESN number as **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260**, within the thirty (30) day period.

**IT IS FURTHER ORDERED** that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States  in the event **Target Telephones (815)980-7337, (815)393-4626** and **(815)501-5260** are transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER ORDERED** that this Order is binding on any subsequent service provider which provides service to the target telephone numbers and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon upon service of a certified copy of this Order without further Order of this Court being required.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephones are supplied to another service provider.

**IT IS FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter

7

175

119 of Title 18, United States Code. The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337, (815)393-4626 and (815)501-5260**.

**IT IS FURTHER ORDERED** that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

**IT IS FURTHER ORDERED** that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

**IT IS FURTHER ORDERED** that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any

8

extension of this Order,

   **PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

   **IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further Order of this Court, except that copies of the Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to effectuate this order.

   DATED this ___1 7___ day of ___JAN_____, 2008.


                              _____
                              HONORABLE JAMES A. TEILBORG
                              United States District Judge


I hereby attest and certify on __1/17/08__
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

by __Becky Kolbz_____ Deputy

9

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF ARIZONA

8

9  IN THE MATTER OF THE                          WT 07-24-PHX-JAT
   APPLICATION OF THE UNITED
10 STATES OF AMERICA FOR AN ORDER
   AUTHORIZING THE **CONTINUATION**              **ORDER AUTHORIZING**
11 OF INTERCEPTION OF WIRE                        **INTERCEPTION OF WIRE**
   COMMUNICATIONS TO AND FROM:                    **COMMUNICATIONS**
12 CELLULAR TELEPHONE NUMBER
   **(815)980-7337** BEARING ELECTRONIC
13 SERIAL NUMBER (ESN) #
   A100000014E63E, **TARGET**
14 **TELEPHONE 1; AND**

15 CELLULAR TELEPHONE NUMBER
   **(815)501-5260** BEARING ELECTRONIC
16 SERIAL NUMBER (ESN) #
   A00000031820EC, **TARGET**
17 **TELEPHONE 3**.

18

19      Application under penalty of perjury having been made before me by Keith E. Vercauteren,

20 Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer

21 of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order,

22 pursuant to Title 18, United States Code, Section 2518, authorizing the continuation of interception

23 of wire communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles Kountze, John

24 McLaughlin, Robert Joos, Steven Sawyer herein after referred to as the **Target Subjects**, and others

25 as yet unknown, concerning offenses enumerated in Title 18, United States Code, Section 2516, that

26 being:   violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy),

27 842(Information Relating to Explosive Materials), 844(i)(Unlawful Use of Explosives),

28 924(c)(Unlawful Use or Possession of Firearms), 1952 (Interstate and Foreign Travel or

Transportation in aid of Racketeering Enterprises), 1959 (Relating to Violent Crimes in Aid of Racketeering Activity), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. § 5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue to be committed by the **Target Subjects** and others yet unknown.

Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been given to the matters set forth herein, the Court finds:

1.      That there is probable cause to believe the **Target Subjects**, and others yet unknown, are utilizing and will continue to utilize the following instruments in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

A.      **Target Telephone #1, (815)980-7337,** issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1/]   **Target Telephone #1, (815)980-7337,** is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.   **Target Telephone #1, (815)980-7337,** is utilized by Dennis Mahon.

B.      **Target Telephone #3, (815)501-5260,** issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A00000031820EC.  **Target Telephone #3, (815)501-5260,** is subscribed to by Daniel Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.  **Target Telephone #3, (815)501-5260,** is utilized by Daniel Mahon and Dennis Mahon.

2.      That there is probable cause to believe that **Target Telephones (815)980-7337** and **(815)501-5260** are, or may be, equipped with Global Positioning System (GPS) technology. The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information.  Relevant information on the location and travel of **Target Telephones (815)980-7337** and **(815)501-5260** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

---

[1/]   An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

3.    That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects**, and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephones (815)980-7337** and **(815)501-5260**. These communications are expected to concern the specifics of the above offenses, including:

      a.    the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

      b.    the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

      c.    the locations and items used in furtherance of the illegal activities;

      d.    the existence and location of records relating to those activities; and

      e.    the location and source of money and resources used to finance the illegal activities.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

4.    That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

5.    That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

3

**WHEREFORE, IT IS HEREBY ORDERED** that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephones (815)980-7337** and **(815)501-5260**, within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephones (815)980-7337** and **(815)501-5260** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which fully reveal the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order run from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337** and **(815)501-5260**.

**IT IS FURTHER ORDERED** that based upon the request of the Applicant pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may

4

facilitate the execution of the Order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits, [2/] captured during the wire interception on **Target Telephones (815)980-7337 and (815)501-5260,** within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephones (815)980-7337 and (815)501-5260**. The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed **Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

IT IS FURTHER ORDERED that Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephones (815)980-7337 and (815)501-5260**. Because the GPS information will be used to identify locations used by the targets of the

---

[2/] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

5

investigation in connection with their illegal activities, it is ordered authorizing the acquisition and use of the GPS information whether **Target Telephones (815)980-7337** and **(815)501-5260** are located in a public place or on private property. It is further ordered authorizing monitoring agents, in the event that **Target Telephones (815)980-7337** and **(815)501-5260** travel outside the territorial jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title 18, United States Code, § 2518(4), Sprint Nextel, electronic communications service provider as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco, Firearms & Explosives, forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire communications over the above-described telephones and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

**IT IS FURTHER ORDERED** that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**IT IS FURTHER ORDERED** that the authorization given apply not only to **Target Telephones (815)980-7337** and **(815)501-5260**, but shall also apply to any changed telephone numbers subsequently assigned to the instrument bearing the same ESN number as **Target Telephones (815)980-7337** and **(815)501-5260**, within the thirty (30) day period.

6

282

**IT IS FURTHER ORDERED** that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States in the event **Target Telephones (815)980-7337** and **(815)501-5260** are transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER ORDERED** that this Order is binding on any subsequent service provider which provides service to the target telephone numbers and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon upon service of a certified copy of this Order without further Order of this Court being required.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephones are supplied to another service provider.

**IT IS FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337** and **(815)501-5260**.

**IT IS FURTHER ORDERED** that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

7

**IT IS FURTHER ORDERED**  that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

**IT IS FURTHER ORDERED** that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any extension of this Order,

**PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further Order of this Court , except that copies of the Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to effectuate this order.

DATED this _15_ day of ___FEB___, 2008.


HONORABLE JAMES A. TEILBORG
United States District Judge



____ FILED     ____ LODGED
____ RECEIVED  ____ COPY

MAR 17 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                    P. DEPUTY

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF ARIZONA

8
9   IN THE MATTER OF THE                    WT 07-24-PHX-JAT
    APPLICATION OF THE UNITED
    STATES OF AMERICA FOR AN ORDER
10  AUTHORIZING THE **CONTINUATION**
    OF INTERCEPTION OF WIRE              **ORDER AUTHORIZING**
11  COMMUNICATIONS TO AND FROM:          **INTERCEPTION OF WIRE**
                                         **COMMUNICATIONS**
12  CELLULAR TELEPHONE NUMBER
    **(815)980-7337** BEARING  ELECTRONIC
13  SERIAL NUMBER (ESN) #
    A100000014E63E, **TARGET**
14  **TELEPHONE 1**; AND

15  CELLULAR TELEPHONE NUMBER
    **(815)501-5260** BEARING ELECTRONIC
16  SERIAL NUMBER (ESN) #
    A00000031820EC, **TARGET**
17  **TELEPHONE 3.**

18

19          Application under penalty of perjury having been made before me by Keith E. Vercauteren,

20   Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer

21   of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order,

22   pursuant to Title 18, United States Code, Section 2518, authorizing the continuation of interception

23   of wire communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles Kountze, John

24   McLaughlin, Robert Joos, Steven Sawyer, Steve Waddell, herein after referred to as the **Target**

25   **Subjects**, and others as yet unknown, concerning offenses enumerated in Title 18, United States

26   Code, Section 2516, that being:  violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy),

27   371(Conspiracy), 842(Information Relating to Explosive Materials),  844(i)(Unlawful Use of

28   Explosives), 924(c)(Unlawful Use or Possession of Firearms), 1952 (Interstate and Foreign Travel

                                                                              392

or Transportation in aid of Racketeering Enterprises), 1959 (Relating to Violent Crimes in Aid of Racketeering Activity), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. § 5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue to be committed by the **Target Subjects** and others yet unknown.

Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been given to the matters set forth herein, the Court finds:

1.     That there is probable cause to believe the **Target Subjects**, and others yet unknown, are utilizing and will continue to utilize the following instruments in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

A.     **Target Telephone # 1, (815)980-7337**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1/]  **Target Telephone #1, (815)980-7337**, is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.  **Target Telephone #1, (815)980-7337**, is utilized by Dennis Mahon.

B.     **Target Telephone #3, (815)501-5260**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A00000031820EC.  **Target Telephone #3, (815)501-5260**, is subscribed to by Daniel Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois.  **Target Telephone #3, (815)501-5260**, is utilized by Daniel Mahon and Dennis Mahon.

2.     That there is probable cause to believe that **Target Telephones (815)980-7337** and **(815)501-5260** are, or may be, equipped with Global Positioning System (GPS) technology. The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information.  Relevant information on the location and travel of **Target Telephones (815)980-7337** and **(815)501-5260** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

---

[1/]  An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

3.      That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects**, and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephones (815)980-7337** and **(815)501-5260**. These communications are expected to concern the specifics of the above offenses, including:

   a.      the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

   b.      the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

   c.      the locations and items used in furtherance of the illegal activities;

   d.      the existence and location of records relating to those activities; and

   e.      the location and source of money and resources used to finance the illegal activities.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

4.      That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

5.      That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

3

**WHEREFORE, IT IS HEREBY ORDERED** that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephones (815)980-7337** and **(815)501-5260**, within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephones (815)980-7337** and **(815)501-5260** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which fully reveal the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order run from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337** and **(815)501-5260**.

**IT IS FURTHER ORDERED** that based upon the request of the Applicant pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may

4

facilitate the execution of the Order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits, [2] captured during the wire interception on **Target Telephones (815)980-7337** and **(815)501-5260**, within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephones (815)980-7337 and (815)501-5260**. The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed **Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephones (815)980-7337 and (815)501-5260**. Because the GPS information will be used to identify locations used by the targets of the

---

[2] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

investigation in connection with their illegal activities, it is ordered authorizing the acquisition and use of the GPS information whether **Target Telephones (815)980-7337 and (815)501-5260** are located in a public place or on private property. It is further ordered authorizing monitoring agents, in the event that **Target Telephones (815)980-7337 and (815)501-5260** travel outside the territorial jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title 18, United States Code, § 2518(4), Sprint Nextel, electronic communications service provider as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco, Firearms & Explosives, forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire communications over the above-described telephones and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

**IT IS FURTHER ORDERED** that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**IT IS FURTHER ORDERED** that the authorization given apply not only to **Target Telephones (815)980-7337 and (815)501-5260,** but shall also apply to any changed telephone numbers subsequently assigned to the instrument bearing the same ESN number as **Target Telephones (815)980-7337 and (815)501-5260,** within the thirty (30) day period.

6

**IT IS FURTHER ORDERED** that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States in the event **Target Telephones (815)980-7337** and **(815)501-5260** are transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER ORDERED** that this Order is binding on any subsequent service provider which provides service to the target telephone numbers and any various and changing cellular telephones used by Dennis Mahon and Daniel Mahon upon service of a certified copy of this Order without further Order of this Court being required.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephones are supplied to another service provider.

**IT IS FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337** and **(815)501-5260**.

**IT IS FURTHER ORDERED** that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

7

1
2
3
4
5
**IT IS FURTHER ORDERED** that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

6
7
8
9
10
11
**IT IS FURTHER ORDERED** that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

12
13
14
15
**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any extension of this Order,

16
17
18
**PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

19
20
21
22
23
**IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further Order of this Court , except that copies of the Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to effectuate this order.

24
DATED this _17_ day of ____MAR____, 2008.

25
26
27
28
I hereby attest and certify on _3/17/08_
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
by _Marilyn Harris_ Deputy

HONORABLE JAMES A. TEILBORG
United States District Judge

8

✓ FILED        LODGED
__ RECEIVED   ✓ COPY

APR 0 4 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B  DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE **CONTINUATION** OF INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM: | WT 07-24-PHX-JAT |
| CELLULAR TELEPHONE NUMBER (815)980-7337 BEARING ELECTRONIC SERIAL NUMBER (ESN) # A100000014E63E, **TARGET TELEPHONE 1**; AND | **ORDER AUTHORIZING INTERCEPTION OF WIRE COMMUNICATIONS** |
| CELLULAR TELEPHONE NUMBER (815)501-5260 BEARING ELECTRONIC SERIAL NUMBER (ESN) # A00000031820EC, **TARGET TELEPHONE 3**; AND | |
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE **INITIAL** INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM: | |
| RESIDENTIAL TELEPHONE NUMBER (574)267-5036, **TARGET TELEPHONE 4**, AND | |
| RESIDENTIAL TELEPHONE NUMBER (574)269-1081, **TARGET TELEPHONE 5**. | |

Application under penalty of perjury having been made before me by Keith E. Vercauteren,

Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer

of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order, pursuant to Title 18, United States Code, Section 2518, authorizing the continuation of interception of wire communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles Kountze, John McLaughlin, Robert Joos, Steven Sawyer, Steve Waddell, Sean Maguire, herein after referred to as the **Target Subjects**, and others as yet unknown, concerning offenses enumerated in Title 18, United States Code, Section 2516, that being:  violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy), 842(Information Relating to Explosive Materials), 844(i)(Unlawful Use of Explosives), 924(c)(Unlawful Use or Possession of Firearms), 1952 (Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises), 1956 (Laundering of Monetary Instruments), 1959 (Relating to Violent Crimes in Aid of Racketeering Activity), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. § 5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue to be committed by the **Target Subjects** and others yet unknown.

Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been given to the matters set forth herein, the Court finds:

1.    That there is probable cause to believe the **Target Subjects**, and others yet unknown, are utilizing and will continue to utilize the following instruments in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

A.    **Target Telephone #1, (815)980-7337**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1/]  **Target Telephone #1, (815)980-7337**, is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois. **Target Telephone #1, (815)980-7337**, is utilized by Dennis Mahon.

B.    **Target Telephone #3, (815)501-5260**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A00000031820EC.  **Target Telephone #3, (815)501-5260**, is subscribed to by Daniel Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois. **Target Telephone #3, (815)501-5260**, is utilized by Daniel Mahon and Dennis Mahon.

---

[1/]  An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

527

C.    **Target Telephone #4, (574)267-5036,** is a landline telephone issued by Embarq, located at 1134 S. Ferguson Rd., Warsaw, IN 46580, and is subscribed to by Mary C. Arnold, with a subscriber address of 1134 S. Ferguson Rd., Warsaw, IN 46580. **Target Telephone #4, (574)267-5036,** is being utilized by Tom Metzger.

D.    **Target Telephone #5, (574)269-1081,** is a landline telephone issued by Embarq, located at 1134 S. Ferguson Rd., Warsaw, IN 46580, and is subscribed to by Mary C. Arnold, with a subscriber address of 1134 S. Ferguson Rd., Warsaw, IN 46580. **Target Telephone #5, (574)269-1081,** is being utilized by Tom Metzger.

2.    That there is probable cause to believe that **Target Telephones (815)980-7337** and **(815)501-5260** are, or may be, equipped with Global Positioning System (GPS) technology. The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information. Relevant information on the location and travel of **Target Telephones (815)980-7337** and **(815)501-5260** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

3.    That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects**, and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036,** and **(574)269-1081.** These communications are expected to concern the specifics of the above offenses, including:

a.    the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having

3

exercised the same;

    b.    the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

    c.    the locations and items used in furtherance of the illegal activities;

    d.    the existence and location of records relating to those activities; and

    e.    the location and source of money and resources used to finance the illegal activities.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

    4.    That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

    5.    That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

**WHEREFORE, IT IS HEREBY ORDERED** that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081** within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are

4

committing the offenses described herein, and which fully reveal the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order run from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081**.

**IT IS FURTHER ORDERED** that based upon the request of the Applicant pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Embarq, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may facilitate the execution of the Order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits, [2/] captured during the wire interception on **Target Telephones**

---

[2/]

"Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone

5

(815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081, within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be ordered to disclose the location of cell site/sector (physical address) and/or geo location information at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081**. The United States has set forth specific and articulable facts showing that there are reasonable grounds to believe that the requested subscriber-customer information and records are relevant and material to the on-going criminal investigation of the listed **Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

**IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent provider of electronic communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c), 2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with global positioning system (GPS) information on **Target Telephones (815)980-7337 and (815)501-5260**. Because the GPS information will be used to identify locations used by the targets of the investigation in connection with their illegal activities, it is ordered authorizing the acquisition and use of the GPS information whether **Target Telephones (815)980-7337 and (815)501-5260** are located in a public place or on private property. It is further ordered authorizing monitoring agents, in the event that **Target Telephones (815)980-7337 and (815)501-5260** travel outside the territorial jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the United States.

**IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title 18, United States Code, § 2518(4), Sprint Nextel and Embarq, electronic communications service providers as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco, Firearms & Explosives, forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services

---

numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of interception of wire communications over the above-described telephones and any various and changing cellular telephones used by Dennis Mahon, Daniel Mahon, and Tom Metzger with the service provider to be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

**IT IS FURTHER ORDERED** that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**IT IS FURTHER ORDERED** that the authorization given apply not only to **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036,** and **(574)269-1081,** but shall also apply to any changed telephone numbers subsequently assigned to the instrument bearing the same ESN number as **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036,** and **(574)269-1081** within the thirty (30) day period.

**IT IS FURTHER ORDERED** that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States in the event **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036,** and **(574)269-1081** are transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

**IT IS FURTHER ORDERED** that this Order is binding on any subsequent service provider which provides service to the target telephone numbers and any various and changing cellular telephones used by Dennis Mahon, Daniel Mahon, and Tom Metzger upon service of a certified copy of this Order without further Order of this Court being required.

7

**IT IS FURTHER ORDERED** that Sprint Nextel and Embarq, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephones are supplied to another service provider.

**IT IS FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337** and **(815)501-5260**, and from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception under this Court's Order or ten (10) days after the Order is entered for the initial interception of wire communication on target telephones **(574)267-5036** and **(574)269-1081**.

**IT IS FURTHER ORDERED** that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

**IT IS FURTHER ORDERED** that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon

8

533

as practicable after such interception.

**IT IS FURTHER ORDERED** that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any extension of this Order,

**PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further Order of this Court , except that copies of the Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to effectuate this order.

DATED this ___4___ day of ___*APR*_____, 2008.

HONORABLE JAMES A. TEILBORG
United States District Judge

I hereby attest and certify on _4-4-2008_
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my cus-
tody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
by _____, Deputy

9

534

FILED _____ LODGED
RECEIVED _____ COPY

MAY 1 3 2008

CLERK U S DISTRICT COURT
DISTRICT OF AZ
BY _____

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE **CONTINUATION** OF INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM: | WT 07-24-PHX-JAT |
| CELLULAR TELEPHONE NUMBER **(815)980-7337** BEARING ELECTRONIC SERIAL NUMBER (ESN) # A100000014E63E, **TARGET TELEPHONE 1;** AND | **ORDER AUTHORIZING INTERCEPTION OF WIRE COMMUNICATIONS** |
| CELLULAR TELEPHONE NUMBER **(815)501-5260** BEARING ELECTRONIC SERIAL NUMBER (ESN) # A00000031820EC, **TARGET TELEPHONE 3;** AND | |
| RESIDENTIAL TELEPHONE NUMBER **(574)267-5036, TARGET TELEPHONE 4,** AND | |
| RESIDENTIAL TELEPHONE NUMBER **(574)269-1081, TARGET TELEPHONE 5.** | |

Application under penalty of perjury having been made before me by Keith E. Vercauteren,

Assistant United States Attorney, District of Arizona, an investigative or law enforcement officer

of the United States within the meaning of Title 18, United States Code, § 2510(7), for an Order,

pursuant to Title 18, United States Code, Section 2518, authorizing the continuation of interception

of wire communications of Dennis Mahon, Daniel Mahon, Tom Metzger, Charles Kountze, John

McLaughlin, Robert Joos, Steven Sawyer, Steve Waddell, Sean Maguire, Joe LNU, herein after

referred to as the **Target Subjects**, and others as yet unknown, concerning offenses enumerated in Title 18, United States Code, Section 2516, that being: violations of Title 18 U.S.C. §§ 241(Civil Rights Conspiracy), 371(Conspiracy), 842(Information Relating to Explosive Materials), 844(i)(Unlawful Use of Explosives), 924(c)(Unlawful Use or Possession of Firearms), 1952 (Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises), 1956 (Laundering of Monetary Instruments), 1959 (Relating to Violent Crimes in Aid of Racketeering Activity), 2339A(Providing Material Support to Terrorists), and Title 26 U.S.C. § 5861(d)(Unlawful Possession of Firearms), which offenses have been committed, and will continue to be committed by the **Target Subjects** and others yet unknown.

Pursuant to Chapter 119 of Title 18, United States Code, and full consideration having been given to the matters set forth herein, the Court finds:

1. That there is probable cause to believe the **Target Subjects**, and others yet unknown, are utilizing and will continue to utilize the following instruments in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses:

A.    **Target Telephone #1, (815)980-7337**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A100000014E63E. [1/] **Target Telephone #1, (815)980-7337**, is subscribed to by Dennis Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois. **Target Telephone #1, (815)980-7337**, is utilized by Dennis Mahon.

B.    **Target Telephone #3, (815)501-5260**, issued by Sprint Nextel, bearing Electronic Serial Number (ESN) A00000031820EC. **Target Telephone #3, (815)501-5260**, is subscribed to by Daniel Mahon, at 5794 N. Blackwood Rd., Davis Junction, Illinois. **Target Telephone #3, (815)501-5260**, is utilized by Daniel Mahon and Dennis Mahon.

C.    **Target Telephone #4, (574)267-5036**, is a landline telephone issued by Embarq, located at 1134 S. Ferguson Rd., Warsaw, IN 46580, and is subscribed to by Mary C. Arnold, with a subscriber address of 1134 S. Ferguson Rd., Warsaw, IN 46580. **Target Telephone #4, (574)267-5036**, is being utilized by Tom Metzger.

---

[1/] An electronic serial number (ESN) is the unique identification number embedded or inscribed in the telephone instrument by the manufacturer.

2

667

D.    **Target Telephone #5, (574)269-1081**, is a landline telephone issued by Embarq, located at 1134 S. Ferguson Rd., Warsaw, IN 46580, and is subscribed to by Mary C. Arnold, with a subscriber address of 1134 S. Ferguson Rd., Warsaw, IN 46580. **Target Telephone #5, (574)269-1081**, is being utilized by Tom Metzger.

2.    That there is probable cause to believe that **Target Telephones (815)980-7337 and (815)501-5260** are, or may be, equipped with Global Positioning System (GPS) technology. The Bureau of Alcohol, Tobacco, Firearms & Explosives will obtain the GPS information sporadically through specific queries of the service providers, as opposed to continuous monitoring and receipt of the GPS information. Relevant information on the location and travel of **Target Telephones (815)980-7337 and (815)501-5260** and the respective user, and the respective user's co-conspirators will be obtained by the use of the GPS information and material to the on-going investigation being conducted by the Bureau of Alcohol, Tobacco, Firearms & Explosives;

3.    That based on the affidavit of Special Agent Tristan Moreland, there is probable cause to believe that particular communications of **Target Subjects**, and others as yet unknown or unidentified, will be obtained through the interception of wire communications to and from **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081**. These communications are expected to concern the specifics of the above offenses, including:

a.    the nature, extent, and methods of the unlawful activities of the target subjects, and others as yet unknown or unidentified, including their use of explosives to damage a building used in interstate commerce, the possession of a destructive device and other firearms not registered in the National Firearms Registration and Transfer Record, and their conspiracy to injure, oppress, threaten, or intimidate any person in any state in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or laws of the United States, or because of him/her having exercised the same;

b.    the identities and roles of accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities;

c.    the locations and items used in furtherance of the illegal activities;

3

668

d.    the existence and location of records relating to those activities; and

e.    the location and source of money and resources used to finance the illegal activities.

In addition, these wire communications are expected to constitute admissible evidence of the commission of the above-described offenses;

4.    That it has been established that normal investigative procedures have been tried and have failed, or reasonably appear unlikely to succeed if tried, or are too dangerous, to achieve the goals of the investigation; and

5.    That there is probable cause to believe that the telephone described above is being used and will continue to be used by the above-described individuals in connection with the commission of the above-described offenses.

WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, exercising the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Title 18, United States Code, § 2516, to intercept wire communications to and from **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081** within the thirty (30) day period. The authorization is also intended to apply to background conversations overheard on **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081** when the telephone is off the hook or otherwise in use.

**PROVIDED** that such interception shall not automatically terminate after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which fully reveal the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which fully reveal the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier; and that the time set forth in the Order run from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-**

4

7337, (815)501-5260, (574)267-5036, and (574)269-1081.

IT IS FURTHER ORDERED that based upon the request of the Applicant pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), 2703(c)(2) and 2703(d), because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that Sprint Nextel, Embarq, Cingular, T-Mobile Wireless, Nextel Partners, Verizon Wireless, Cellco Partners dba Verizon Wireless, AT&T Wireless, Southwestern Bell Telephone Company, General Telephone Equipment company (GTE), American Telephone and Telegraph Company (AT&T), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, and any other person or entity providing wire and/or electronic communications service in the United States whose assistance may facilitate the execution of the Order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including IMSI and ESN, as well as any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire communications service or remote computing service for published, non published, or unlisted dialing, routing, addressing, or signaling information, including post cut through digits, [2] captured during the wire interception on **Target Telephones** (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081, within 24 hours of an oral or written demand by agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and also be

---

[2] "Post cut through digits," also called "dialed digit extraction features," are any digits that are dialed from the Target Telephone after the initial call setup is completed. Some post cut through digits are numbers that are necessary to route the call to the intended party, identify the place or party to which the call is being made, and therefore are the type of information specifically authorized for capture by pen register. Post cut through digits also can represent electronic content in the form of an electronic message, such as when subjects call automated banking services and enter account numbers, or call voicemail systems and enter passwords, or call pagers and dial call-back telephone numbers. While interception of wire content is sought and supported by this application, the government is not seeking authorization to intercept the electronic communications of the Target Telephone. Accordingly, to the extent that additional digits that are electronic content are received, the government will not use such information for any investigative purposes.

5

ordered to disclose the location of cell site/sector (physical address) and/or geo location information
at call organization (for outbound calling), call termination (for incoming calls), and, if reasonably
available, during the process of a call for **Target Telephones (815)980-7337, (815)501-5260,
(574)267-5036, and (574)269-1081**. The United States has set forth specific and articulable facts
showing that there are reasonable grounds to believe that the requested subscriber-customer
information and records are relevant and material to the on-going criminal investigation of the listed
**Target Subjects** as outlined in Special Agent Tristan Moreland's affidavit.

     **IT IS FURTHER ORDERED** that Sprint Nextel, and any subsequent provider of electronic
communication services as defined in Title 18, United States Code, Section 2510(15), 2703(c),
2703(d), and 3123, shall furnish the Bureau of Alcohol, Tobacco, Firearms & Explosives with
global positioning system (GPS) information on **Target Telephones (815)980-7337 and (815)501-
5260**. Because the GPS information will be used to identify locations used by the targets of the
investigation in connection with their illegal activities, it is ordered authorizing the acquisition and
use of the GPS information whether **Target Telephones (815)980-7337 and (815)501-5260** are
located in a public place or on private property. It is further ordered authorizing monitoring agents,
in the event that **Target Telephones (815)980-7337 and (815)501-5260** travel outside the territorial
jurisdiction of this Court, to continue to obtain the GPS information in any jurisdiction within the
United States.

     **IT IS FURTHER ORDERED** that, based upon the request of the applicant pursuant to Title
18, United States Code, § 2518(4), Sprint Nextel and Embarq, electronic communications service
providers as defined in Title 18, United States Code, § 2510(15), and any subsequent provider of
electronic communications service, shall furnish the applicant and the Bureau of Alcohol, Tobacco,
Firearms & Explosives, forthwith all information, facilities, and technical assistance necessary to
accomplish the interceptions unobtrusively and with a minimum of interference with the services
that such provider is according the persons whose communications are to be intercepted, and to
ensure an effective and secure installation of electronic devices capable of interception of wire
communications over the above-described telephones and any various and changing cellular
telephones used by Dennis Mahon, Daniel Mahon, and Tom Metzger with the service provider to

6

671

be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

IT IS FURTHER ORDERED that, to avoid prejudice to the government's criminal investigation, the said provider of electronic communications service and its agents and employees are not to disclose or cause a disclosure of this Order or any request for information, facilities, and assistance by the Bureau of Alcohol, Tobacco, Firearms & Explosives or the existence of the investigation to any person other than those of its agents and employees who require said information to accomplish the services hereby ordered. In particular, said providers and its agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

IT IS FURTHER ORDERED that the authorization given apply not only to **Target Telephones** (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081, but shall also apply to any changed telephone numbers subsequently assigned to the instrument bearing the same ESN number as **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081** within the thirty (30) day period.

IT IS FURTHER ORDERED that the Court's Order authorize the interception of phone conversations that may occur within any other jurisdiction within the United States   in the event **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036, and (574)269-1081** are transferred outside the territorial jurisdiction of this Court, pursuant to Title 18, United States Code, Section 2518(3).

IT IS FURTHER ORDERED that this Order is binding on any subsequent service provider which provides service to the target telephone numbers and any various and changing cellular telephones used by Dennis Mahon, Daniel Mahon, and Tom Metzger upon service of a certified copy of this Order without further Order of this Court being required.

IT IS FURTHER ORDERED that Sprint Nextel and Embarq, and any subsequent service provider(s), notify the applicant immediately if and when the IMSI/ESNs or telephone numbers for the target telephones are supplied to another service provider.

IT IS FURTHER ORDERED that this Order shall be executed as soon as practicable and

7

672

that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted, other than those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. The interception of wire communications must terminate upon the attainment of the authorized objectives, or, in any event, at the end of thirty (30) days calculated from the date this Order is signed for the continued interception of wire communication on **Target Telephones (815)980-7337, (815)501-5260, (574)267-5036 and (574)269-1081.**

**IT IS FURTHER ORDERED** that all interceptions be minimized in accordance with Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise that the named interceptees or any of their confederates, when identified, are not participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more of the named interceptees or their confederates, when identified, participate in the conversation, monitoring will be suspended if the conversation is not criminal in nature or otherwise related to the offenses under investigation. Spot checks of such conversations will be conducted to determine if the conversation has turned to a discussion of criminal activity.

**IT IS FURTHER ORDERED** that monitoring be conducted on a 24-hour basis and pursuant to Chapter 119 of Title 18, United States Code, in the event the intercepted communications are in code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization will be accomplished as soon as practicable after such interception.

**IT IS FURTHER ORDERED** that Assistant United States Attorney Keith E. Vercauteren, or any other Assistant United States Attorney familiar with the facts of this case, shall provide this Court with a report on or about the fifteenth day following the date interception begins showing what progress has been made toward achievement of the authorized objectives and the need for interception. If any of the above-ordered reports should become due on a weekend or holiday, such report shall become due on the next business day thereafter.

8

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing electronic surveillance and interception shall be required to be made by the applicant, other than the above-ordered reports, before ninety (90) days after the date of the expiration of this Order, or any extension of this Order,

**PROVIDED** that, upon an *ex parte* showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER ORDERED** that this Order, the application, affidavit, proposed Orders, and all interim reports filed with this Court with regard to this matter shall be sealed until further Order of this Court , except that copies of the Orders, in full or redacted form, may be served on the Bureau of Alcohol, Tobacco, Firearms & Explosives and the service provider as necessary to effectuate this order.

DATED this _12_ day of _____MAY_____, 2008.


_____
HONORABLE JAMES A TEILBORG
United States District Judge

9

674

# Exhibit D

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Report of In\_\_tigation**

| Title of Investigation: Logan Bombing | Investigation Number: 785080-04-0012 | Report Number: 61 |
|---|---|---|

## SUMMARY OF EVENT:

ATF CI 986 telephonic contacts with Dennis MAHON.

## NARRATIVE:

1. Beginning on June 5, 2006, CI 986 received several voice mails and had several conversations with Dennis MAHON regarding various topics to include MAHON's past involvement in bombings. Below is a summary of those calls as well as some partial transcripts of the calls.

2. The tape begins with a series of voicemails. The content of the voicemails are somewhat indiscernible and extraneous to the investigation. During this date, MAHON and the CI discuss the CI pending visit. The two also discuss MAHON's ongoing issue with his parent's health and how he thinks his cousins are going to try and get control of his parent's property. MAHON threatens to strangle the cousin if this occurs. MAHON talks about his schedule and whether or not he has the upcoming weekend off.

3. In the next conversation, MAHON discusses going to the property in Missouri occupied by Robert Joos and others. During this conversation, MAHON tells the CI he will take all his guns to the property.

4. The next series of voicemails on this tape occur after the CI's visit. During these voicemails, MAHON pleads the CI to return to Oklahoma. MAHON also discusses the RF detector that he used at the restaurant in Tulsa and how we would buy her one for $29.

5. On June 10, 2006, CI 986 contacts MAHON at 918-313-5125 (MAHON's cell). During this call, the CI just tells MAHON that she had to return to Colorado for personal reasons. MAHON continues to plead to the CI to return and that he will take her out to the property. MAHON and the CI discuss trust and MAHON tells the CI that you have to earn trust not demand it.

6. On June 11th, 2006 more voicemails of extraneous content.

7. On June 17, 2006, MAHON tells the CI that the casino found out who he was and that he was fired. MAHON tells the CI that he thinks he is going to be arrested soon. He elaborated by saying that the Supreme

| Prepared by: Tristan Moreland | Title: Special Agent, Phoenix V (Arson) Field Office | Signature: | Date: |
|---|---|---|---|
| Authorized by: Tracy L. Hite | Title: Group Supervisor, Phoenix V (Arson) Field Office | Signature: | Date: |
| Second level reviewer (optional): William D. Newell | Title: Special Agent in Charge, Phoenix Field Division | Signature: | Date: |

ATF EF 3120.2 (10-2004)
For Official Use Only
2602

| Title of Investigation:<br>Logan Bombing | | Investi.<br>78508. | Number:<br>-0012 | Report Number:<br>61 |
|---|---|---|---|---|

Court decided yesterday that the cops can knock your door down now without a warrant. MAHON then tells the CI that Tom METZGER has a new hotline number and gives the CI number 574-267-5036. MAHON then talks about his frustration with Robert Joos because he is bringing allot of heat on the property over the registration and driver's license issues. MAHON then asks the CI if she wants to talk some since into him (Joos). MAHON claims that he will talk to a woman more than him. MAHON claims if this thing goes down he is going to put a bullet in his head. MAHON appears to be discussing Joos run-in with law enforcement over not having a driver's license, insurance, and other issues. MAHON tells the CI that he trusts his brother 100 percent and that he trusts the CI almost as much as his brother. He doesn't trust his dad because he turned him in. He trusts Steve (Waddell) 80 percent. He then tells the CI that he trust her almost a hundred percent, but that she has to quit asking him about what he did in the past, claiming that it may hurt the CI more than him. MAHON then discussed that fact that "Jeff" is the number one caretaker at the Missouri property and that if he takes the CI and UC to the property they will have to check their driver's licenses. MAHON claims it is their rule and not his.

8.  In this same conversation, MAHON talks about Robert Joos and his problems and how he thinks Joos is "nuts" and needs to be eliminated. MAHON mentions putting a bullet into his head. Dennis MAHON tells the CI he is very sexually attracted to her and that he likes her because she is a "racialist." He discusses their future and then tells her don't take a chance to go to jail. MAHON then says that "our white race is so fucked in the head, so screwed up, so degenerate, I don't want you to go to jail for these mother-fuckers." MAHON goes on to say that we have to separate ourselves. MAHON goes on to talk to the CI about the Missouri property and how the CI maybe could talk to Joos. MAHON tells the CI that as long as she doesn't ask him what he has done illegally, he will trust her 100 percent. MAHON tells her maybe someday (he will tell her) but that he doesn't want to tell her this stuff in case she were to get arrested. MAHON tells the CI the "we have done some major shit from 81 to 93." "MAHON says we did some major shit and the only reason we haven't been caught is that we have been smart." "We done some major bombings from 82 to 88, we did some major shit." MAHON tells the CI that he doesn't want pressure to be put one her. The CI tells MAHON she is not Carol Howe. MAHON says that she is not Carol Howe. MAHON tells the CI that he fell in love with Carol Howe and she almost got him, clearly referring to getting him arrested. MAHON says that he will never ask her what she has done illegally.

9.  On June 26, 2006, CI 986 retrieves several voicemails from Dennis MAHON. In the first MAHON tells the CI "that they will probably arrest me for something that happened in 1986, 85." Quite a few things happened in those two years around the country." "Allot of bombs went off and other things went off." "There trying to put some stuff together, um, uh, we'll see what happens, they really don't have too much evidence, but uh, I mean you know, they have no evidence because I didn't do anything, but you know, they think I did." In a second voicemail, MAHON discusses and laughs about the FBI and an arrest of several "young little punks." MAHON says that they couldn't even make a pipe bomb without blowing themselves up. MAHON then says that Liberty City is where we had the riots.

10. CI 986 then calls MAHON. During this conversation several extraneous topics related to his parents property. MAHON and the CI then discuss information that "Tom" (METZGER) has. MAHON says they busted a bunch of kids down in Miami. MAHON says that they just busted "Sean Walker" with the people at the "National ..." MAHON claims that Tom said that they are looking to bust a "high profile type domestic terrorist on our side." MAHON advised that Tom said to be real careful. MAHON then claims that he believes that the Casino may have called the FBI and discussed him working there and his ability to get their money. The CI asks MAHON what else he would be worried about since he hadn't done anything in 20 years. MAHON tells the CI that the things he did do could be considered trying to violate someone's civil rights. MAHON discusses this being applied to old Klansmen from 40 or 50 years ago. MAHON then

ATF EF 3120.2 (10-2004)<br>For Official Use Only

| Title of Investigation: Logan Bombing | | Investi 78508. | Number: -0012 | Report Number: 61 |
|---|---|---|---|---|

claims that METZGER has connections to current FBI information thru retired agents who are still in contact with working agents. MAHON claims that the retired agents like what they (METZGER and MAHON) are doing and have helped them out a few times in the past. MAHON claims that if they arrest him, they won't arrest him in his house because he has guns. They will arrest him in his car. MAHON then says that in two or three months things will be fine. MAHON claims that he is the most dangerous, most well trained son of a bitch that could be their (law enforcement's) enemy. MAHON says that they know what I'm capable of doing. "I was with (sounds like McVeigh) a few times... post Carol Howe all that shit." The CI tells MAHON that according to him he is retired. MAHON says that they don't ever think we retire and if things start hitting the fan and breaking down and things become chaos..., indicating that he would become active again. MAHON then says that if a two of the Mexican restaurants got bombed, who do you think they are going to come to. MAHON then talks about a Minute Man rally and that he plans on attending, but they won't let him participate because they know he is a racist. MAHON claims that he will yell out "You won't be able to (indiscernible) out; the only thing left is violence." "The only solution is to violently throw them out."

11. In this same conversation, the CI tells MAHON that she did not quite understand about the bombing in Florida. MAHON says that he has to be careful and that Tom says there looking to find a right wing violent type person. MAHON says, "they know that wherever I've lived, things have happened, but they really can't, you know, they might got some circumstantial evidence." "That's all it would take this time because people are so scared about terrorism you know." MAHON then talks about the Miami arrests again. MAHON says this thing in Miami is nothing. MAHON refers to them as kids, a couple Haitians and "7 young niggers" and then asks, "How are they going to blow up the Sears tower?" Claiming they would blow themselves all up just trying to make a "pipe bomb." MAHON then discusses Charles Kountze and indicates that if Kountze financed him (MAHON) he could go a whole year raising hell.

**ATTACHMENT:**

Copy of Property Tag

ATF EF 3120.2 (10-2004)
For Official Use Only
2604

# Exhibit E

# Call No. 1615
# dated 2/24/08 (CD)

# Hard copy to be filed separately



**U.S. v. Dennis Mahon**
CR09-712-PHX-DGC



**Exhibit E**