**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 09-712- PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Mahon (1)<br>Daniel Mahon (2), | |
| Defendants. | |

Defendant Dennis Mahon has filed a motion for a bill of particulars regarding Count 1 and a motion to dismiss Count 1 as duplicitous. Dkt. ## 298, 327. Defendant Daniel Mahon has joined the motions and has filed a separate motion to dismiss Count 1 as duplicitous. Dkt. ##328, 338. The motions are fully briefed. Dkt. ##309, 324, 326, 340, 351, 352. The Court held oral argument on July 7, 2010. For reasons that follow, the Court will deny the motions.

**I.   Background.**

Count 1 of the indictment charges Defendants with conspiracy to damage buildings and property by means of explosives in violation of 18 U.S.C. §§ 844(n) and 844(i). Count 1 reads as follows:

> From on or about September 26, 2003 to on or about January 5, 2009, in the District of Arizona and elsewhere, defendants DENNIS MAHON and DANIEL MAHON and others known and unknown to the grand jury did knowingly and unlawfully combine, conspire, confederate and agree together to maliciously damage and destroy by means of fire and explosives, buildings and other real property used in interstate and foreign commerce and in activities affecting interstate and foreign commerce.

Dkt. #3 at 1. Count 1 further explains that the "object of the conspiracy was to promote racial discord on behalf of the 'White Aryan Resistance,'" and that "[i]t was part of the conspiracy that one or more of the conspirators build and deliver an explosive device to the City of Scottsdale Office of Diversity and Dialogue," "teach an individual how to build a package containing a pipe bomb," and "send to others training materials on the production of and use of explosives, techniques to avoid detection by law enforcement, and methods to commit domestic terrorism." *Id.* at 2. Count 1 includes a list of 14 overt acts allegedly committed by Dennis or Daniel Mahon in furtherance of the conspiracy. *Id.* at 2-4. The indictment states which Defendant allegedly committed each act, the approximate date each act was committed, and the nature of each act. *Id.*

## II. Motion for Bill of Particulars.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). The purposes of a bill of particulars are threefold:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*U.S. v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotations and citations omitted). The grant or denial of a motion for a bill of particulars is within the discretion of the district court. *Id.* at 1180.

The Ninth Circuit has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *U.S. v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1977). The statutory language "may be used in the general description of the offence, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of

the specific offence, coming under the general description, with which he is charged." *Id.* (quoting *U.S. v. Hess*, 124 U.S. 483, 487 (1888)).

"In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. A defendant "is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *U.S. v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). A bill of particulars is not the proper vehicle for a defendant to obtain the names of any unknown co-conspirators, to determine the exact date on which the conspiracy allegedly occurred, or to delineate all other overt acts that comprised the charged activity. *U.S. v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985), *amended by* 777 F.2d 543 (9th Cir. 1985). Unlike discovery, a bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation." *U.S. v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Rather, a bill of particulars is intended to give a defendant "only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Id.* (emphasis in original).

**A.     Defendants' Motion.**

Defendants argue that the "indictment in this case lacks sufficient detail to clearly set forth what the defense will be required to meet at trial" because it "is silent on information necessary to defend against Count 1, including specifics on how many conspiracies allegedly occurred, the parties involved with and the manner, time, and place of any agreement that gave rise to the conspiracy charge, which buildings or real property were used in interstate or foreign commerce as required by 844(n), and how any of the overt acts relate to the purported object of the charged conspiracy." Dkt. #298 at 7. They further argue that the information they seek cannot be obtained through examination of the discovery in this case because it is extraordinarily voluminous. *Id.* at 8. Based on these arguments, Defendants request a bill of particulars which would provide answers to six questions: (1) "[h]ow many conspiracies does Count 1 allege and what is the manner in which each defendant contributed

- 3 -

to or participated in each conspiracy, and the times and places of said contribution or participation"; (2) who are the individuals "known and unknown to the grand jury" that are discussed in Count 1; (3) "[w]hat was the manner in which each defendant and others known and unknown to the grand jury allegedly agreed, and what were the times and places of said alleged agreements"; (4) "[w]hat were the specific buildings and other real property used in interstate and foreign commerce and in activities affecting interstate and foreign commerce"; (5) "[w]hich of the alleged overt acts were committed to promote racial discord"; and (6) "[w]hich of the alleged overt acts were conducted on behalf of the White Aryan Resistance." *Id.* at 2-3.

The government's written response to the motion provides the following answers: (1) "[t]here is only one conspiracy in this case, and the manner and dates of the Defendants' involvement [are] listed within the indictment"; (2) no specific response to this question is provided; (3) the "manner in which the Defendants agreed to conspire is listed within the 'Manner and Means of the Conspiracy' section of the indictment" and the "dates and actions of the Defendants are listed in the overt acts section"; (4) the "real property the defendants conspired to bomb were the Scottsdale Office of Diversity and Dialogue (Overt Acts 1, 2) and the power grid in Arizona and Texas (Overt Act 14)"; (5) "[a]ll of the overt acts were committed to promote racial discord"; and (6) "[a]ll of the overt acts were committed on behalf of the White Aryan Resistance." Dkt. #309 at 4-5. Although the government was not required to answer question (2) because a bill of particulars is not the proper vehicle for obtaining the names of unknown co-conspirators, *DiCesare*, 765 F.2d at 897, the government voluntarily disclosed the identities of co-conspirators during the hearing on July 7, 2010. In light of the detail contained in the indictment and the additional disclosures made by the government in its written response to Defendants' motion and during the hearing, the Court concludes that a bill of particulars is not warranted in this case.

**B. Specific Arguments.**

Defendants argue that "the language in Count 1 creates at least three discrete conspiracies[,] none of which appear to share a common agreement or scheme, continuity of

- 4 -

participants, similar time frames, or comparable goals." *Id.* at 3. They argue that they cannot prepare an adequate defense because it is not clear which conspiracy is actually alleged.

The government has made clear, however, that only one conspiracy is alleged in this case – "to maliciously damage and destroy . . . buildings and other real property used in interstate and foreign commerce" in violation of 18 U.S.C. §§ 844(n) and 844(i). Dkt. #3 at 1-2. The alleged object of the conspiracy was to "promote racial discord" on behalf of the "White Aryan Resistance." *Id.* The government has confirmed its single-conspiracy allegation in the indictment, the response to Defendants' motion, and at the hearing.

Defendants argued in their papers and at the hearing that the alleged conspiracy can be divided into three discrete time periods, and that the evidence in this case shows no link between the three time periods – no overarching conspiracy. Defendants also argued that the single conspiracy is alleged solely because the statute of limitations would otherwise bar prosecution for the Scottsdale bombing in 2003 and 2004. These arguments go to the sufficiency of the government's evidence and the viability of the government's claim; they do not support a bill of particulars. The Court is satisfied that Defendants sufficiently understand the nature of the alleged conspiracy to prepare a defense, avoid surprise at trial, and avoid potential double jeopardy problems. *Giese*, 597 F.2d at 1180.

Defendants cite two cases to support their motion. *See U.S. v. Chen*, No. C 05-375 SI, 2006 WL 3898177 (N.D. Cal. Nov. 9, 2006); *U.S. v. Wong*, No. CR 06-428 SI, 2007 WL 404807 (N.D. Cal. Feb. 2, 2007). These related cases involved a conspiracy to manufacture and distribute marijuana and an indictment that contained more than 30 counts and 16 co-conspirators. *Chen*, 2006 WL 3898177 at *3. In *Chen*, the court determined that one defendant was entitled to a bill of particulars because he was named in the first count of the indictment, which alleged a conspiracy to manufacture and distribute marijuana, but was not named in any of the other counts which described how his co-defendants were involved with marijuana cultivation at specific growing sites. The court found that the indictment did not reveal the defendant's role in the conspiracy and that it was unreasonable to expect him to sort through the massive discovery, which included more than 150,000 pages of evidence,

- 5 -

1 111,250 images, 1,250 photographs, 5,800 minutes of audio recordings, and 900 minutes of video surveillance, to determine his role. *Id.* In *Wong*, the Court found that the same defendant was entitled to a bill of particulars because the "case and the two related cases are factually and legally complex, encompass numerous alleged conspiracies, and involve dozens of defendants and alleged grow-sites." 2007 WL 404807 at *2.

In this case, two Defendants are alleged to have participated in one conspiracy. The conspiracy is described in the indictment, as are its object and the manner of means of its implementation. Fourteen overt acts are specified, including the nature of the act, when it occurred, and each Defendant's role. This case is not similar to *Chen* or *Wong*.

This case is far more analogous to *U.S. v. Ayers*, 924 F.2d 1468, 1484 (9th Cir. 1991), in which the Ninth Circuit upheld the denial of a bill of particulars where the indictment "specifie[d] five separate means and methods used to carry out the conspiracy" and "detail[ed] fifteen overt acts committed to further the conspiracy," and where "the government provided [the defendant] with a significant amount of discovery." 924 F.2d at 1484. The government in this case has provided comparable information to Defendants. The motion for a bill of particulars will be denied.

**III. Motion to Dismiss Count 1.**

Defendants have each filed a motion to dismiss Count 1 as duplicitous in violation of Federal Rule of Criminal Procedure 8(a). Dkt. ##327, 338.

**A. Dennis Mahon's Motion.**

In Dennis Mahon's motion, which is joined by Daniel Mahon, Defendants argue that the Ninth Circuit applies two different approaches to determine whether an indictment is duplicitous – the "overall agreement" approach found in *U.S. v. Gordon*, 844 F.2d 1397, 1401 (9th Cir. 1988), and the "limited review" approach found in *U.S. v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999). Defendants argue that Count 1 alleges more than one conspiracy under both approaches and should be dismissed.

**1. "Overall Agreement."**

To determine whether a count charges more than one conspiracy, *Gordon* directs the

Court to "look at whether there was one overall agreement among the various parties to perform various functions in order to carry out the objectives of the conspiracy." 844 F.2d at 1401 (internal quotations and citations omitted). Relevant factors include "the nature of the scheme, the identity of the participants, the quality, frequency and duration of each conspirator's transactions, and the commonality of times and goals." *Id.* Defendants argue that each of these factors favors a finding that the government charged more than one conspiracy in Count 1. The Court disagrees.

Defendants argue that there are three distinct conspiracies alleged in Count 1 – a conspiracy to bomb, a conspiracy to teach an informant how to build a bomb, and a conspiracy to take action against the power grid. Dkt. #327 at 8. As noted above, this argument goes more to the sufficiency of the government's evidence than the substance of its indictment. The indictment clearly states that it is alleging a single conspiracy. The government confirmed this fact in its written response and during the hearing on July 7, 2010. Thus, regardless of whether Defendants think the government can prove a single conspiracy, there is no doubt that the government alleges only one.

The Court does not find that the information contained in the "Object of the Conspiracy," "Manner and Means of the Conspiracy," and "Overt Acts of the Conspiracy" sections of the indictment – which provide additional information to Defendants as to how the single alleged conspiracy was carried out – changes the fact that Count 1 alleges a single conspiracy "to maliciously damage and destroy . . . buildings and other real property used in interstate and foreign commerce[.]" Dkt. #3 at 1. The government merely has identified components of the overarching conspiracy. The fact that the "first involved an actual bombing, the second a fictitious child molester, and the third a hypothetical situation at some unknown point in the future" does not mean that they cannot be part of a single conspiracy "to maliciously damage and destroy . . . buildings[.]" Dkt. #327 at 8; Dkt. #3 at 1.

The Court further finds Defendants' reliance on *Gordon* unpersuasive. In *Gordon*, a single count of an indictment charged defendants with:

> conspiracy to commit offenses against and to defraud the United States of America

- 7 -

as follows:

> 1. To defraud the United States of America and in particular the United States Navy of its program for the design, development, construction, and distribution of military hardware under the Trident Ballistic Missile Program administered honestly, fairly and free from corruption, deceit, dishonesty and kickbacks;
>
> 2. To conceal, cover up; and obstruct an investigation by this Grand Jury into that wrongdoing.

844 F.2d at 1401. The Ninth Circuit found that this single count alleged two separate conspiracies – to defraud the United States and to obstruct a grand jury investigation. *Id.* These two conspiracies were for different crimes and at different times. Although the overt acts section of the indictment contains allegations against Defendants that might have been alleged as separate conspiracies, the government chose to allege one conspiracy which contained multiple overt acts. The government will be required to prove that single conspiracy at trial. The fact that the conspiracy contains multiple acts does not mandate a finding that the count is duplicitous. *U.S. v. Smith*, 891 F.2d 703, 712 (9th Cir. 1989) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects'") (quoting *Braverman v. U.S.*, 317 U.S. 49, 54 (1942)).

Defendants argue that the identity of the participants and the quality, frequency, and duration of each conspirator's transactions prohibit a finding that there is only one conspiracy. They argue that the bombing conspiracy allegedly includes both Defendants, while the conspiracies to teach how to build a bomb and to take action against the power grid involved only one Defendant. Dkt. #327 at 9. But there is no legal requirement that all conspirators participate in every aspect of the conspiracy. That "Daniel Mahon was conspicuous in his nearly total absence during the [teaching of an individual to bomb]" does not mean that he did not participate in the overarching conspiracy to bomb buildings in interstate commerce. Dkt. #327 at 8.

Nor does the fact that components of the alleged conspiracy occurred at different times and locations mean that the indictment is duplicitous. A single conspiracy "need not

be manifested by continuous activity." *U.S. v. Bloch*, 696 F.2d 1213, 1215 (9th Cir. 1982) (finding a single conspiracy even when the conspiracy spanned a period of nine years, because it involved "the same scheme, the same central actors, the same activities, and the same goals").

**2. "Limited Review."**

Defendants argue that Count 1 is duplicitous under the "limited review" approach where a court examines the text of a count to determine whether it charges only one offense. *See King*, 200 F.3d at 1212. As explained above, the Court finds only one offense charged in Count 1.

**3. Conclusion.**

The Court cannot find that the indictment alleges more than one conspiracy. Rather, it is clear on the face of the indictment and from government statements in response to the motion that the government intends to prove one conspiracy to bomb property in interstate commerce. The motion to dismiss the indictment as duplicitous will therefore be denied.

**B. Daniel Mahon's Motion.**

Daniel Mahon makes the following arguments as to why Count 1 is duplicitous: (1) the government conceded that there are three conspiracies, (2) the alleged conspiracy to bomb the power grid is problematic, and (3) the government has provided no evidence that there was a conspiracy to teach the tactics of terrorism on behalf of the White Aryan Resistance or that Daniel Mahon was involved in the White Aryan Resistance. Dkt. #338.

The Court does not agree that the government conceded three conspiracies. The commission of more than one overt act in support of a conspiracy does not mean that more than one conspiracy is alleged. *Braverman*, 317 U.S. at 54 ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous[.]").

Defendant argues that the alleged conspiracy to bomb the power grid in Arizona and Texas is problematic because the term "power grid" is vague, because the use of high powered rifles to take out a power grid would not fall into the definition of § 844(i), and because the alleged conspiracy is not ripe because it is conditioned on several hypothetical

future events. Dkt. #338 at 3-4. None of these arguments show why Count 1 should be dismissed as duplicitous.

Similarly, Defendant's argument that the government has no evidence that Daniel Mahon was involved in the White Aryan Resistance does not show why Count 1 should be dismissed as duplicitous.

**IT IS ORDERED:**

1. Defendant's motion for a bill of particulars (Dkt. #298) is **denied**.
2. Defendants' motions to dismiss Count 1 as duplicitous (Dkt. ##327, 338) are **denied**.

Excludable delay pursuant to 18:3161(h)(1)(D) is found to commence on April 6, 2010 for a total of 95 days.

DATED this 9th day of July, 2010.

_____
David G. Campbell
United States District Judge