**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-09-712-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dennis Mahon (1); and Daniel Mahon (2), | ) | |
| Defendants. | ) | |

In a case management order dated June 29, 2010, the Court directed the parties to file a joint matrix specifically identifying outstanding discovery issues. Doc. 390 at 1. The filed matrix identifies 17 discovery items. Doc. 523-1. A hearing was held on September 2, 2010. Doc. 539. On the basis of the matrix and discussions at the hearing, and for reasons stated below, the Court rules as follows.

**I.     Item 1.**

Item 1 of the matrix concerns personal and government-provided cell phones used by CI 986/946. The defense requests phone numbers, photographs, texts, and emails for the time period January 2005 through July 2009. Doc. 523-1 at 1. The government agreed at the hearing to use its best efforts to locate each phone, examine them for the requested information, and provide any information found to Defendants. The government shall complete those tasks by **September 27, 2010**.

## II.     Item 2.

Item 2 concerns ATF report of investigation (ROI) #308.  Defendants believe that ROI #308 contains an oral statement made by Dennis Mahon to a "jailhouse informant" regarding a bombing motive.  Doc. 523-1 at 1.  Defendants seeks disclosure of the ROI pursuant to *Brady* and Rules 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

The government submitted a copy of ROI #308 at the hearing, and, at the request of Defendants, the Court has reviewed the report *in camera*.  *Brady* does not require disclosure because ROI #308 is not exculpatory.  Rule 16(a)(1) does not apply because ROI #308 contains no "written or recorded statement by the defendant," Fed. R. Crim. P. 16(a)(1)(B)(i), and the oral statement contained therein was not made "in response to interrogation by a person the defendant knew was a government agent," Fed. R. Crim. P. 16(a)(1)(A) and (B)(ii).  This Circuit has made clear that "the government need not disclose any *voluntary* oral statements made by [a defendant]." *United States v. Hoffman*, 794 F.2d 1429, 1432 (9th Cir. 1986) (emphasis in original).  Disclosure of a defendant's "oral statements is not required unless he knew that he was talking to a government agent." *Id.*

Defense counsel argued at the hearing that the oral statement made by Defendant is a "written" statement for purposes of Rule 16(a)(1)(B)(i) because it is included in the ROI.  This argument lacks merit.  There is a meaningful difference under Rule 16(a)(1) "between 'written' statements and 'oral' statements later written down[.]" *Hoffman*, 794 F.2d at 1432 n.4.  "[T]he government [does] not have to disclose oral statements that officers later summarize[] in their written reports[.]" *Id.*  The discovery request in matrix item 2 is denied.

## III.     Item 3.

Item 3 requests court review of numerous ROIs under Rule 16(d)(1).  Doc. 523-1 a 2.  That rule generally provides for the *limiting* of discovery:  "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).  Defense counsel explained at the hearing that they cite Rule 16(d)(1) to obtain "inspection" of the ROIs by the Court.  Defendants assert that good cause exists given the government's refusal to disclose ROI #308.  Doc. 523-1 at 2.  But

Defendants have not shown that the government is improperly withholding ROI #308.  The request for court review in matrix item 3 is denied.

Defense counsel stated at the hearing that they have no idea what the ROIs contain, but they could contain information reagrding other confidential informants.  Defendants are concerned that disclosure of the ROIs shortly before trial could lead to an unnecessary continuance or prejudice to Defendants.  The government avers that it has reviewed the requested ROIs and determined that they need not be disclosed under Rule 16, *Henthorn*, *Giglio*, or *Brady*.  Doc. 523-1 at 2.  The government stated at the hearing that the ROIs do not concern other confidential informants, and that the only issue is the timing of disclosure under the Jencks Act, 18 U.S.C. § 3500.

Jencks Act statements must be disclosed after the witness has testified on direct examination unless the government consents to earlier disclosure.  In order to avoid trial delays in this case, the government has agreed to earlier disclosure.  The trial is set to begin on January 11, 2011.  The Court orders the government to disclose all Jencks Act statements to Defendants by **December 10, 2010**.

**IV.    Item 4.**

Item 4 is Defendants' request, pursuant to Rule 16(a)(1)(E)(i), for disclosure of ATF policies concerning informants effective January 2005 through June 2009.  Doc. 523-1 at 3.  Rule 16(a)(1)(E)(i) requires disclosure of tangible items "if the item is within the government's possession, custody, or control" and "is material to preparing the defense[.]"  To obtain disclosure, the defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense."  *United States v. Stevers*, 603 F.3d 747, 752 (9th Cir. 2010) (quotation marks and citation omitted).

Defendants assert in the matrix that "[e]ntrapment is a defense in this case and ATF policies are needed because of CI misconduct regarding intimate contact with [Defendant]."  Doc. 523-1 at 3.  Defendants stated at the hearing that they believe the requested ATF policies are put in place, at least in part, to prevent entrapment.  Defendants explained that

1   if the CI were found to have violated those policies, this could be used not only as

2   impeachment evidence, but also to bolster the defense of entrapment by showing that the CI

3   improperly induced Defendants to make incriminating statements.  The government counters

4   that the ATF policy manual would not tend to prove or disprove entrapment.   The

5   government stated that compliance with the manual clearly does not negate entrapment, and

6   the opposite is also true.

7          The Court concludes that Defendants have made the required threshold showing of

8   materiality under Rule 16(a)(1)(E)(i).  Evidence that the CI's intimate relationship with

9   Defendant violated ATF policy could be used to bolster the defense of entrapment.  In short,

10  the requested ATF policies may prove helpful to the defense of entrapment as well as the

11  impeachment of the CI.

12         The government objects to disclosure on the ground that Defendants have not

13  complied with Department of the Treasury regulations governing service of subpoenas.

14  Doc. 523-1 at 3 (citing 27 C.F.R. § 71.27).  Defendants have requested disclosure under

15  Rule 16, not via subpoena.  The government does not dispute that the requested ATF policies

16  and are within its "possession, custody, or control."  The Court concludes that no subpoena

17  is necessary and that disclosure by the government is required under Rule 16(a)(1)(E)(i).

18  Defendants' request for disclosure in matrix item 4 is granted.  The policies shall be

19  disclosed by **September 27, 2010**.

20  **V.     Item 5.**

21         Count one of the indictment, conspiracy to damage buildings and property by means

22  of explosive, contains a special grand jury finding that "Donald Logan and Renita Linyard

23  suffered personal injury as a result of prohibited conduct by defendants."  Doc. 476 at 4.

24  Defendants seek, pursuant to Rule 16(a)(1)(E)(i), all medical records of Logan and Linyard

25  for injuries sustained on February 26, 2004.  Doc. 523-1 at 4.  No disclosure is required

26  under Rule 16(a)(1)(E), the government argues, because it does not possess medical records

27  and intends to proceed at trial on photographs and victim testimony.  *Id.*

28         This Circuit has held that information is in the possession of the government if the

1  prosecutor "has knowledge of and access to the documents sought by the defendant." *United*

2  *States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). "'[T]he scope of the government's

3  obligation' turn[s] on 'the extent to which the prosecutor has knowledge of and access to the

4  document.'" *Id.* at 894 (quoting *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1995)).

5       The government stated at the hearing that it has never reviewed medical records of

6  Logan and Linyard and does not know which hospitals treated their injuries. The

7  government further stated that it has no better access to the records than Defendants.

8  Defense counsel noted that the government routinely discloses medical records in other

9  cases, but did not dispute the government's stated lack of knowledge and access in this case.

10       The Court finds that the requested medical records are not within the government's

11  "possession" for purposes of Rule 16(a)(1)(E). *See United States v. Sarras*, 575 F.3d 1191,

12  1215 (11th Cir. 2009) (holding that the government was not required to disclose victim

13  medical records in the possession of a county organization). The request for disclosure of

14  medical records in matrix item 5 is denied.

15       Defendants' reliance on *United States v. Stever*, 603 F.3d 747 (9th Cir. 2010), is

16  misplaced. The government in that case did not deny that it possessed the requested material.

17  *Stever*, 603 F.3d at 752.

18  **VI.   Item 6.**

19       Item 6 of the matrix concerns transcripts of video and cassette tapes, DVDs, CDs, and

20  wiretap phone calls. Defendants assert that they requested disclosure of "verbatim transcripts

21  intended for jury use" as early as November 2009, that the government has not complied with

22  that request, and that transcripts should be disclosed under Rule 16(a)(1)(E). Doc. 523-1

23  at 5. The government argues, correctly, that transcripts of audio and video recordings are

24  neither evidence nor material discoverable under Rule 16. *Id.*; *see United States v. Delgado*,

25  357 F.3d 1061, 1070 (9th Cir. 2004) (noting that the recordings themselves are evidence and

26  the transcripts are merely an aid in listening to the recordings). The disclosure request in

27  matrix item 6 is denied to the extent it is brought under Rule 16(a)(1)(E).

28       Defense counsel explained at the hearing that transcripts in this case will be

voluminous and their late disclosure could lead to problems at trial. The government has agreed to use its best efforts to produce transcripts to the defense 30 days before trial and to notify the Court of any potential problems.

Defense counsel also had concerns about the accuracy of transcripts prepared by case agents, requesting that all transcripts be prepared by impartial court reporters or other professional transcribers. For reasons stated at the hearing, that request is denied. *See also United States v. Armijo*, 5 F.3d 1229, 1234 (9th Cir. 1993) (noting that a federal agent prepared transcripts of tape recordings used at trial).

Defendants' other request, that the Court follow the process set forth in *Armijo*, is granted. Consistent with *Armijo*, the following process will apply: (1) the government shall transcribe all recordings and provide transcripts to Defendants by **October 22, 2010**; (2) by **November 12, 2010**, Defendants shall review the transcripts for accuracy, highlight alleged inaccuracies, and provide the highlighted portions and any alternative versions to the government; (3) the parties shall engage in good faith efforts to resolve any disputes by **November 19, 2010**; (4) a hearing will be held on **December 10, 2010, at 2:00 p.m.** to resolve any outstanding transcript-related disputes; (5) the parties shall submit to the Court the materials necessary to resolve those disputes by **December 3, 2010**.

**VII.   Items 7-12.**

Items 7 through 12 concern *Henthorn* material (item 7) and confidential informant files, agreements, benefits, and related OIG reports and audits (items 8-12). Doc. 523-1 at 6-7. The government has stated that it will disclose the requested material and information (*id.*), and the parties agreed at the hearing that the only question is one of timing. For reasons stated at the hearing, the government is required to make the disclosures called for in matrix items 7 through 12 by **December 10, 2010**.

**VIII.   Item 13.**

Item 13 requests disclosure of Defendants' statements, including jail phone calls. Doc. 523-1 at 7. The government states, and Defendants do not dispute, that all statements covered by Rule 16, including all jail calls in the government's possession, have been

1  disclosed.  The government agreed to disclose any additional jail calls within 48 hours of

2  obtaining them.

3  **IX.     Items 14 and 15.**

4          Item 14 concerns inspection of ATF bomb mockups and "M-80" explosives, while

5  item 15 is the bomb site inspection.  Doc. 523-1 at 8.  Those inspections occurred on

6  August 30, 2010.

7          At the hearing, defense counsel stated that they believe additional mockups exist

8  which they have not inspected.  The government is required to investigate this issue and

9  disclose any other mockups by **September 27, 2010**.  The parties shall disclose mockups to

10 be used at trial by **November 12, 2010**.

11 **X.      Item 16.**

12         With respect to item 16, the government has agreed to obtain and disclose to

13 Defendants DNA-related electronic data and lab protocols.  Doc. 523-1 at 8.  The

14 government also has agreed to provide Defendants with the names of the Cellmark expert

15 witnesses.  The government shall complete these disclosures by **September 27, 2010**.

16 **XI.     Item 17.**

17         The last item of discovery concerns multiple computer hard drives (mirrored from

18 other hard drives) already disclosed.  Defendants seek documents identifying origin and

19 chain of custody.  Doc. 523-1 at 9.  The government's understanding is that a postal inspector

20 or computer analyst named Werbick, assisted by the Scottsdale police, identified city

21 employees, mirrored the hard drives on their work computers, and sent them to California

22 to be searched. The government has provided Defendants with copies of the entire Scottsdale

23 and postal files related to the hard drives, as well as the recent report on the search results.

24 As discussed at the hearing, the government shall (1) follow up with Mr. Werbick to discover

25 any additional information concerning the original owners of the hard drives and disclose any

26 such information to Defendants, and (2) arrange for a joint interview with Mr. Werbick.

27

28

1   These tasks shall be completed by **October 15, 2010**.  Defendants are free to subpoena the

2   City of Scottsdale for any additional information.

3       DATED this 13th day of September, 2010.

4

5

6   _____

7                   David G. Campbell
                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28