**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-09-712-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Dennis Mahon (1); and Daniel Mahon (2), | ) ) | |
| Defendants. | ) ) | |

Defendant Daniel Mahon has filed a motion for grand jury transcripts. Doc. 445. Daniel's brother and co-defendant, Dennis Mahon, has joined the motion. Doc. 566. The government has filed a response. Doc. 509. For reasons that follow, the motion will be denied.

Defendants believe that ATF agent Tristan Moreland made material misstatements and omissions to the grand jury in order to secure the indictment. Doc. 445 at 2. Defendants seek disclosure pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure, asserting that this rule "permits use of grand jury transcripts 'related fairly directly to some identifiable litigation, pending or anticipated.'" *Id.* (citing *United States v. Young*, 494 F. Supp. 57, 60-61 (E.D. Tex. 1980)). Rule 6(e)(3)(C) actually states that "[a]n attorney for the government may disclose any grand-jury matter to another federal grand jury." Fed. R. Crim. P. 6(e)(3)(C). This rule clearly does not cover Defendants' request for disclosure of transcripts.

Defendants may have meant to seek disclosure under Rule 6(e)(3)(E)(i) or (ii). *See* Doc. 509 at 2 n.1. Subpart (i), which provides that the Court may authorize disclosure of a

1 grand jury matter "preliminarily to or in connection with a judicial proceeding," does not
2 apply because it "refers to judicial proceedings other than the criminal prosecution." *United*
3 *States v. Diaz*, No. CR 05-00167 WHA, 2006 WL 1806161, at *2 (N.D. Cal. June 29, 2006)
4 (citing *United States v. Nix*, 21 F.3d 347, 351 (9th Cir. 1994)).  Moreover, Defendants have
5 not "demonstrated that a 'particularized need exists which outweighs the policy of secrecy.'"
6 *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (quoting *Pittsburgh Plate Glass*
7 *Co. v. United States*, 360 U.S. 395, 400 (1959)); *see Douglas Oil Co. of Cal. v. Petrol Stops*
8 *Nw.*, 441 U.S. 211, 219-22 (1979) (parties seeking grand jury transcripts under Rule 6(e)
9 "must show that the material they seek is needed to avoid a possible injustice in another
10 judicial proceeding, that the need for disclosure is greater than the need for continued
11 secrecy, and that their request is structured to cover only material so needed.").

12       Subpart (ii) provides for disclosure of transcripts where the defendant "shows that a
13 ground may exist to dismiss the indictment because of a matter that occurred before the grand
14 jury[.]"  Fed. R. Crim. P. 6(e)(3)(E)(ii).  Defendants have made no such showing.  To the
15 extent Defendants seek the transcripts to challenge the probable cause findings made by the
16 grand juries in this matter, such a challenge would be impermissible.  "An indictment cannot
17 be attacked on the ground that the evidence before the grand jury was incompetent or
18 inadequate."  *United States v. Vallez*, 653 F.2d 403, 406 (9th Cir. 1981); *see United States*
19 *v. Tham*, 665 F.2d 855, 863 (9th Cir. 1981) ("[A] grand jury need not be advised of all
20 matters concerning credibility[.]"); *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th
21 Cir. 1983) ("The prosecutor has no duty to present to the grand jury all matters bearing on
22 credibility of witnesses or any exculpatory evidence.").

23       Defendants have shown nothing more than potential relevancy and usefulness of grand
24 jury transcripts.  This is not sufficient to overcome the "long-established policy that
25 maintains the secrecy of grand jury proceedings in federal courts."  *United States v. Proctor*
26 *& Gamble*, 356 U.S. 677, 681-82 (1958).

27
28

1 **IT IS ORDERED** that Defendants' motion for grand jury transcripts (Doc. 445) is
2 **denied**.
3 Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 8/5/2010
4 for a total of 44 days.
5 DATED this 17th day of September, 2010.

_____
David G. Campbell
United States District Judge