JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams St., Ste. 201
Phoenix, Arizona  85007
Telephone: (602) 382-2746

DEBORAH L. WILLIAMS #010537
MILAGROS A. CISNEROS #020410
Asst. Federal Public Defenders
Attorneys for Defendant
deborah_williams@fd.org
milagros_cisneros@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff,<br><br>v.<br><br>Dennis Mahon,<br><br>　　Defendant. | CR 09-712-PHX-DGC<br><br>**REPLY re.<br>MOTION *IN LIMINE*<br>RE. FRE 404(b) re.<br>TOM METZGER** |

　　　　Dennis Mahon, through counsel, urges this Court to preclude irrelevant evidence about Tom Metzger as discussed in the pleadings.

　　　　The defense moved to preclude "any evidence of Tom Metzger's life preceding September 2003, and specifically the Portland trial." *Docket 1128, at 1.* In its response, the government <u>appears</u> to be agreeing that it will not introduce evidence of Metzger's Portland lawsuit, or other matters regarding "the actions, lawsuits, and life of Tom Metzger prior to 2003" in its case in chief. *Docket 1161, at 1.* However, the government does not specifically address the 404(b) component of the motion. The defense previously moved in limine to preclude 404(b) evidence pertaining to Metzger. Both times, the government refused to respond to the 404(b) issue. *Docket 1026 at 3, 1066 at 5.* Given how hard the government has worked to dodge the 404(b) issue, the defense cannot be certain that it can rely on what appears to be the government's agreement not to present the above-listed evidence.

Fed. R. Evid. 404(b) requires that the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." The government has engaged in every possible maneuver to avoid this directive. First, it argued that no such evidence would be presented. Then, it argued that 404(b) evidence would be presented, without disclosing the entirety of what the evidence would be. Now, it argues that it simply "cannot be expected to disclose rebuttal 'other act' evidence."[1] *Docket 1161, at 2.* It can be and is expected to disclose rebuttal other act evidence. "The rule mandates that the government provide notice ***even if the government intends to introduce the evidence for impeachment or for possible rebuttal.***" *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999) (emphasis added).

The defense has repeatedly requested 404(b) notice, and until recently the government has continued to avow that there was none. The government has known since the beginning of this case, and has previously advised counsel, that it was withholding certain information would not voluntarily disclose it until during the trial, "when the defense opens the door." The withheld materials, according to the government, were being tracked in a log for later court review should this become an issue. It is an issue. The evidence exists, the government does not want to disclose it, and the law requires disclosure. As in *Vega*, the government is trying to lie in wait and spring the other acts evidence during trial. *Id.* at 1155. That is not allowed.

---

[1] Ironically, while the government repeatedly argues that it cannot be expected to anticipate what impeachment or rebuttal evidence may arise, it has twice filed motions to compel the defense to do exactly that. The critical difference is that the government is required by the Federal Rules of Evidence to anticipate and give specific notice of that evidence.

It is not expected that excludable delay under Title 18 U.S.C. § 3161(h)(1)(F) may occur as a result of this motion or from an order based thereon.

Respectfully submitted:   September 9, 2011.

JON M. SANDS
Federal Public Defender

*s/ Deborah L. Williams*
DEBORAH L. WILLIAMS
MILAGROS A. CISNEROS
Asst. Federal Public Defenders

I hereby certify that on September 9, 2011, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

Michael Morrissey/John Boyle
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central, Suite 1200
Phoenix, Arizona  85004-4408

Barbara Hull
Counsel for Co-defendant

Copy of the foregoing mailed
this 9th day of September 2011, to:

Dennis Mahon
Defendant

 s/  *mg*
mg