Barbara Hull, State Bar No. 011890
637 North Third Avenue, Suite Three
Phoenix, Arizona  85003
Telephone:  (623)465-1705
Facsimile:  (623)465-1706
blhull@q.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR09-0712-02-PHX-DGC |
| Plaintiff, | |
| vs. | DEFENDANTS' JOINT MOTION TO DISMISS FOR VIOLATION OF BRADY V. MARYLAND AND FOR PROSECUTORIAL MISCONDUCT, OR IN THE ALTERNATIVE, TO PRECLUDE TESTIMONY BY ALAN SCOTT |
| DANIEL MAHON, | |
| Defendant. | (Assigned to The Honorable David G. Campbell) |
| | EVIDENTIARY HEARING REQUESTED |

Defendants Daniel Mahon and Dennis Mahon, by and through undersigned counsel, hereby moves for a dismissal of all charges based on the government's misconduct in withholding material and exculpatory evidence in violation of the Fifth and Sixth Amendments of the Constitution, and Brady v. Maryland, 373 U.S. 83 (1963).

Brady requires the timely disclosure of evidence that is material either to the guilt or punishment of the defendant(s). Id. at 87.  Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government.  United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993; United

States v. Bagley, 473 U.S. 667 (1985).  "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system."  California v. Trombetta, 467 U.S. 479, 485 (1984).  Failure to disclose this evidence violates the precepts of Brady, supra, and Kyles v. Whitney, 514 U.S. 419, 437-438 (1995).  Moreover, "an individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."  Id.

Here, the prosecutors and the case agent, together, knowingly withheld favorable evidence.  Put another way, they knowingly and intentionally withheld exculpatory evidence, as defined by Brady, in violation of the defendants' constitutional rights.  This violation was neither negligent nor accidental, as clearly shown by the facts as they have revealed themselves, and in light of the evolution of this case over the course of 2-1/2 years, the court should respond in an immediate and harsh manner.

Relevant Background

Defendants incorporate herein in its entirety the relevant background set forth in Defendant Daniel Mahon's Motion to Dismiss [Dct. #1336] pages two through page 5, line 13.

Attached hereto as Exhibit One is the December 2, 2010 letter from the government providing a disc of disclosures from Postal batestamped "USPS Supp 1-447 excluding 40-42, 47-60."  Attached as Exhibit Two is a copy of USPS Supp. 43, an email from November 8 2010 disclosed on that disc.  Attached as Exhibit Three is a copy of  Dct. No. 1344, later withdrawn, the government's Response to Motion to Dismiss.

This Court ordered that the government disclose Jencks material on or before December 2, 2011.  What the government disclosed on that date is attached

hereto as Exhibit Four. Defendants respectfully underscore that the Jencks material provided does not include the criminal history of Alan Scott, an inmate when interviewed in 2009. After receiving what they believed to be "full" Jencks disclosure, as ordered by this Court, on December 7, 2011, the defense requested the transcript of the Alan Scott plea colloquy under Brady. That email is attached as Exhibit Five. The government agreed to provide the transcript, but it has not yet arrived. Also, on December 8, 2011 the defense requested the report and notes of Inspector Donnelly reference his interview of Alan Scott. That email is attached as Exhibit Six. The government did not respond to that request.

On December 14, upon receipt of the government's first Response, Dct. #1344, the defense requested copies of all documents listed in that pleading. In response, the government sent what is attached hereto as Exhibit Seven.

Defense Request No. 2 from the June 29, 2010 Matrix [Dct. No. 523] requests ATF ROI #308. ROI #308 is included in Exhibit Four. The defense now knows that this ROI covers the interview of Alan Scott. The defense request was based on both Brady v. Maryland and Rule 16(a)(1)(A) and (B). The government refused to disclose, stating "Rule 16(a)(1)(b) is inapplicable because it concerns written/recorded statements. #308 contains an oral statement of Dennis Mahon, not made in response to government interrogation. Is not Brady because it is not exculpatory."

At the hearing held September 2, 2010, the government responded to Request No. 2 by stating, "I can tell you that if there was a question on the government's mind we would err on the side of caution and give you a copy of the report. We have one with us if you want to review it. This is not even a close call for the government and the person was not a government agent." Transcript of September 2, 2010, page 12. The Court stated, "Why don't you provide me with a copy of the statement. I'm going to look at the case again. If I can rule without

reviewing it, I will.  If I need to review it, I will."  Transcript of September 2, 2010, page 13.  The defense does not know if the Court reviewed the report or even which report was presented.  However, the reports the defense has now received DO NOT comport with the notes of the interview on numerous key points.

As a point of fact, the ROI #308 authored by Tristan Moreland does not include the Brady material contained within the handwritten notes within Exhibit Seven, an interview attended by Agent Moreland.  If ROI #308 was the report provided to the Court on September 2, 2010, that is relevant to the defense position that the report is designed to deceive.

These disclosures have been made only weeks prior to trial, and the defense now knows that the Alan Scott interview and related documents relating are obvious Brady material.

First, ROI #308, dated September 3, 2009 and authored by Tristan Moreland, at page 2, paragraph 9, Agent Moreland wrote that "Mahon told Scott that the bomb was *sent* to the Diversity Office."  On page 4, paragraph 23, states that Dennis Mahon claimed to have "*sent* the bomb from Litchfield or Litchfield Park."  Also, in Inspector Felton's draft, Scott  supposedly said that Dennis Mahon said he "sent the bomb."  [Batestamp USPSsupp-000048.]  However, in the handwritten notes not disclosed until December 14, 2011, it is clear that Alan Scott told Agent Moreland and Inspector Felton something entirely different.  In fact, the actual statements are that Dennis Mahon "mailed the bomb," "Mailed bomb from Litchfield or Litchfield Park," and "DM told me 'he mailed it,'" [USPSsupp-000054].  As this Court knows, the package found in the Scottsdale Library was never mailed.  This information is exculpatory Brady material that should have been disclosed at least in response to the June 2010 matrix.

Also missing from the ROI #308 and the draft from Inspector Felton are the exculpatory statements about Daniel Mahon.

Both ROI #308 and the draft by Felton indicated that "Dennis told him he felt bad about involving his brother (in the bombing case) that he felt like he dragged Daniel into it."  However, the notes indicate Mr. Scott said something quite different.  The notes state, "Bro[ther's] only involvement is that he was in room w/CI who wanted to make bomb,"  [Batestamp USPSsupp-000054] and "said his bro was only in room w/CI when they talked about harming the X husband – like he dragged his brother into it.  Sounded like his brother (illegible, awaiting clear copies from government) . . . really involved but only his source of financial support."  [Batestamp USPSsupp-000057.]  He was clearly not talking about "the bombing case," but rather he was talking about the child molester ruse.  The reports, therefore, not only misrepresent the statement, they purposefully delete the clear Brady material provided by Scott.

Additional exculpatory evidence in the Scott reports include that Dennis Mahon said he made the bomb from "fertilizer mixed w/other things," and that "he was able to construct bomb from normal everyday things he got from farm." [Batestamp USPSsupp-000054.]  Also, the ROI and Felton draft do not include statements included in the notes that Dennis Mahon was having arguments and conflicts with Metzger, that Metzger distanced himself from Dennis Mahon, and that Metzger was angry that Dennis Mahon drew attention to himself.  [USPSsupp-000047 and 51.]

The defendants asked for these reports many times.  On the last possible date, when Jencks disclosure was ordered to occur, that disclosure was grossly incomplete.  Only when the defendants saw Dct 1344 did they learn of the missing documents.  And only when those documents arrived did the defendants realize the

obvious Brady nature of the information.  The Brady implications should have been unmistakably obvious to the government.

For the reasons stated, Defendants move for a dismissal of all charges with prejudice.  At the very least, Alan Scott should be precluded as a trial witness.

The government's misconduct also supports Daniel Mahon's motion for a severance.  This newly disclosed evidence shows that these cases were improperly joined. The newly disclosed evidence shows that, in separate trials, Dennis Mahon could be called to testify on behalf of Daniel Mahon and could provide the exculpatory testimony outlined above.

RESPECTFULLY SUBMITTED this 14th day of December, 2011.

__/s/ Barbara L. Hull_____
Barbara L. Hull, Attorney for Daniel Mahon


Original filed electronically this date.

Courtesy copy of the foregoing sent
electronically this date to:

The Honorable David G. Campbell
United States District Court
401 West Washington Street
Phoenix, Arizona  85003
at:  Campbell_chambers@azd.uscourts.gov

Deborah Williams, Esq.
Milagros Cisneros, Esq.
Assistant Federal Public Defenders
District of Arizona
850 West Adams, Suite 201
Phoenix, Arizona 85007-2730
Attorneys for Dennis Mahon
at:  Deborah_Williams@fd.org

Michael Morrissey, Esq.
John Boyle, Esq.
Assistant United States Attorney
Two Renaissance Square, Suite 1200
40 North Central Avenue
Phoenix, Arizona 85003-4408
at:  John.Boyle@usdoj.gov


__/s/ Barbara L. Hull_____