ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

JOHN BOYLE
Assistant U.S. Attorney
Arizona State Bar No. 015640
MICHAEL T. MORRISSEY
Assistant U.S. Attorney
Arizona State Bar No. 012531
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
john.boyle@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>             Plaintiff,<br><br>     v.<br><br>Dennis Mahon<br>Daniel Mahon,<br><br>             Defendants. | CR-09-00712-PHX-DGC<br><br>**MOTION TO STRIKE TRANSCRIPT OBJECTIONS** |

The government moves to strike Defendants' substantive objections to the government's transcripts. Defendants have submitted textual objections, but have also added numerous substantive objections. Those substantive objections should be stricken because they far exceed the Court's order. The Court permitted Defendants to provide "transcripts for which they have objections." (Docket 1352.) Defendants' objections based upon hearsay, relevance, foundation, and Rule 404(b) have nothing to do with the accuracy of the text of transcripts, which was the purpose for which the Court permitted transcript submission.

Defendants' procedure with regard to these substantive objections demonstrates why those objections are not properly before this Court. Defendants submitted the objections to the Court in writing, but not in a filed pleading. No motion has been filed, so the government cannot file a related response. The government hereby responds to Defendants' text objections, and moves to strike the remainder of Defendants' written objections.

**Transcript Objections**

While defendants object to the use of transcripts at all, the government notes that in the event the Court permits the use of transcripts, there are only three remaining textual disputes between the parties. On December 22, 2011, the parties resolved Defendants' text objections on E-23, E211, and E217. The government attaches transcripts that the parties have reviewed and agreed upon (except for defendants' three final objections), and submits that this Exhibit is a more useful reference for the Court than defendants' draft exhibits provided to the Court. The government's position on the three remaining objections is as follows:

**E27**: There is no dispute that portions of the tape recording are audible and have been accurately transcribed. Those sections should be used.

**E-33**: Special Agent Moreland will testify he reviewed the transcripts for accuracy, and he hears "You know, I just, just wanted to teach the motherfucker a lesson the first time."

**E-43**: Special Agent Moreland will testify that the transcript is accurate. Daniel Mahon can be heard telling Dennis Mahon "this is where Logan's from."

**Substantive Objections**

In the event the Court does not grant the governments' Motion to Strike, the government submits these brief responses.

Foundation

Special Agent Larry Bettendorf will testify regarding the foundation of E109.

Relevance

Statements between Tom Metzger and Dennis Mahon that advocate murder, bombing buildings, racial terrorism, and the murder of African Americans are relevant to the Indictment. Their discussions also include warnings to avoid informants, and establish the roles in the conspiracy.

Hearsay

The statements of Charles Kountze are not hearsay because they are not offered for the truth of the matter asserted. *See* Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004)("The

[Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."). "Statements providing context for other admissible statements are not hearsay because they are not offered for their truth." United States v. Tolliver, 454 F.3d 660, 666 (7th Cir. 2006). The statements at issue in *Tolliver* were recordings of conversations involving one of defendant Tolliver's coconspirators and an informant, who did not testify at trial. Id at 663. The Seventh Circuit held that the informant's statements were admissible to put the coconspirator's statements "into context making the admissions intelligible for the jury." Id at 666. (footnote omitted).  *See* United States v. Whitman, 771 F.2d 1348, 1352 (9th Cir.1985) (informant's statements were admissible as non-hearsay to place a conspirator's statements in context).

Rule 404(b)

If one interpretation of Defendant's statement can be reasonably viewed by the jury as an admission to the Scottsdale bombing, then that statement is admissible.  In United States v. Warren,  25 F.3d 890 (1994), the defendant claimed that a statement had dual interpretations, and thus should be precluded. The Ninth Circuit disagreed.  "This objection goes to the weight of the statements, not their admissibility. A defendant's 'own out-of-court admissions ... surmount all objections based on the hearsay rule ... and [are] admissible for whatever inferences the trial judge [can] reasonably draw.' United States v. Matlock, 415 U.S. 164, 172, 94 S.Ct. 988, 994, 39 L.Ed.2d 242 (1974)." Warren at 895.

Daniel Mahon's statement urging another person to use arson to destroy a building because the owner was hiring Mexicans is admissible because it occurred during this conspiracy, it

///

///

3

proves Defendant's involvement in this conspiracy, it matches the elements of the offense, and it proves motive and intent.

     Respectfully submitted this 27th day of December, 2011.

           ANN BIRMINGHAM SCHEEL
           Acting United States Attorney
           District of Arizona

           s/ *John Boyle*
           JOHN BOYLE
           Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Deborah L. Williams, Attorney for Dennis Mahon
Barbara L. Hull, Attorney for Daniel Mahon

JB/ceb