JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams Street, Suite 201
Phoenix, Arizona 85007-2730
Telephone: (602) 382-2700

DEBORAH L. WILLIAMS, # 010537
MILAGROS CISNEROS, # 020410
Asst. Federal Public Defender
Attorneys for Defendant
deborah_williams@fd.org
milagros_cisneros@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Dennis Mahon,<br><br>    Defendant. | **No. CR-09-712-PHX-DGC**<br><br>**MEMORANDUM RE. APPOINTMENT OF COUNSEL FOR WITNESS** |

On February 13, 2012, the Court directed defense counsel to provide legal authority on the standard for appointment of counsel for witnesses. The starting point for the decision whether to appoint counsel for a witness is the Guide to Judiciary Policy, Vol. 7A, Chapter 2, Section 210.20.20(c), entitled "Discretionary Appointments," which states

> (c) Upon application of a witness before a grand jury, **a court**, the Congress, or a federal agency or commission **which has the power to compel testimony,** counsel may be appointed where there is reason to believe, either prior to or during testimony, that the witness could be subject to a criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty.

*See also* 18 U.S.C. §3006A.

In this District, it is commonplace for lawyers in the United States Attorney's Office as well as the courts themselves to contact the Federal Public Defender's Office for purposes of obtaining counsel for witnesses before the grand

jury or at trial.  The final decision on whether appointment is appropriate, of course, lies with the courts.  The decision to appoint counsel or to warn witnesses of potential self-incrimination lies within the discretion of the court.  *See United States v. Melendez*, 228 F.3d 19, 24 (1st Cir. 2000)("while Miranda warnings are not necessary to ensure that statements made by witnesses testifying in open court may be used against them in future prosecution, it nonetheless may be salutary in a particular case for a judge to issue warnings, or even to appoint counsel, if a witness appears likely to incriminate herself.").  *Also In re Grand Jury Empaneled April 24, 2008* (601 F.Supp.2d 600 (D.N.J. 2008)(magistrate judge could appoint temporary conflict counsel for grand jury investigation).

Defense counsel has no way of knowing what testimony the government intends to offer through Steve Anderson; however, it is beyond question that Anderson was named and investigated as a suspect in this case.  It is counsel's duty as an officer of this Court to bring it to the Court's attention when she believes a witness may need to or should consult with counsel, as she did with Rebecca Williams.  Ultimately, it is up to the Court to make that determination.

It is expected that excludable delay under Title 18 U.S.C. § 3161(h)(1)(F) may occur as a result of this motion or from an order based thereon.

Respectfully submitted:   February 14, 2012.

JON M. SANDS
Federal Public Defender

 *s/Deborah L. Williams*
DEBORAH L. WILLIAMS
MILAGROS A. CISNEROS
Asst. Federal Public Defenders

1 | Copy of the foregoing transmitted
2 | by ECF for filing this 14th day of February, 2012, to:

3 | **Clerk's Office**
4 | United States District Court
  | Sandra Day O'Connor Courthouse
5 | 401 W. Washington
  | Phoenix, Arizona 85003

6 | Copy mailed to:

7 | **John Boyle/Michael Morrissey**
8 | Assistant U.S. Attorney
  | Two Renaissance Square
9 | 40 N. Central, Suite 1200
  | Phoenix, Arizona  85004-4408

10 |
   | **Barbara Hull**
11 | 637 N. Third Ave. #3
   | Phoenix, AZ 85003-0001
12 | Attorney for Co-defendant Daniel Mahon

13 |  Copy held for:

14 | **Dennis Mahon**
   | Defendant
15 |

16 |   s/   *S. B.*
   | S. B.
17 |