ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

JOHN BOYLE
Assistant U.S. Attorney
Arizona State Bar No. 015640
MICHAEL T. MORRISSEY
Assistant U.S. Attorney
Arizona State Bar No. 012531
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
john.boyle@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America | CR-09-00712-PHX-DGC |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING RECOMMENDATION** |
| v. | |
| Dennis Mahon, | |
| Defendant. | |

The government submits the following sentencing recommendation.

I.   The Presentence Report.

The government believes that the guideline sentence calculated in the Presentence Report is substantively reasonable. The guideline sentence reflects the will of Congress and the Sentencing Commission, and "the Guidelines should be the starting point and the initial benchmark" for the Court. Gall v. United States, 552 U.S. 38, 49 (2007). As a general statement, the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 551 U.S. 338, 350 (2007). Defendant has not offered a single basis for a variance or downward departure. Instead, defendant seeks to dismiss that which was proven at trial. In contrast, the sentencing calculations contained in the PSR do encompass the harm caused and intended by defendant, an avowed domestic terrorist with a commitment to violence and murder. Accordingly, the PSR calculations reflect appropriate punishment as provided for in the criminal statutes and in the Sentencing Guidelines. See United States v. Ressam, 2012 WL 1561001 at 27 (9th Cir. May 4, 2012 en banc)(district court's sentence two-

thirds below low end of sentencing guideline range was substantively unreasonable and improperly disregarded established sentencing structure).

II.   18 U.S.C. § 3553

The court must also consider the 18 U.S.C. § 3553 factors because the Court is "in a superior position to find facts and judge their import under § 3553(a) in each particular case." Rita, at 357-358.  If the Court is considering a sentence outside the advisory guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, at 50.  As explained in Gall, "a major departure should be supported by a more significant justification than a minor one." Id., at 50.

III.   The government's sentencing recommendation

The government recommends a statutory maximum sentence on Count Two, a sentence of 235 months on Count One, and a sentence of 41-51 months on Count Three; all counts to run consecutively. This sentence would be a  significant variance from the advisory guideline range, yet still satisfy the § 3553 sentencing factors.

**a) Count Two.**

The government recommends the statutory maximum sentence of 40 years for Count Two because the nature and circumstances of the offense justify the maximum sentence on this count. Defendant attempted to kill another person. Defendant sent the instrument of attempted murder to a workplace filled with other individuals.  The amount of premeditation in this case is stunning. Defendant bought generic parts from different locations, assembled the bomb, devised a method to insure the survival of a note, wrote and attached labels to lure the victim into a false sense of security, devised a switch and packing to insure the bomb was not detected before it detonated, and wrote a will to memorialize that his actions were in memory of Bob Mathews and Timothy McVeigh.

The immediate bombing victims were innocent civilians serving their community.  Donald Logan and Renita Linyard will suffer the physical effects of the bombing every day for the rest of their lives. All of the bombing victims, including Jacque Bell, will endure the psychological

2

effects of the bombing.  Donald Logan in particular will never open a package without the instant reminder of the bombing. It is noteworthy that the bomb was almost opened by library staff.  All of the occupants of the Human Resources building were affected to some degree by the bombing.  The greater effect to the community of an actual bombing of a government office is significant. Defendant's conduct tears at the very fabric of democracy and society.

The history and characteristics of Defendant, as well as the need for protection of the public, justify a maximum sentence.   Defendant did not merely speak in the abstract in favor of violence; he conspired to and committed actual acts of violence.  Rather than express remorse after the Scottsdale bombing, Defendant took pride in his actions. [1/]  Defendant did not cease his violent conduct, but instead taught the informant how to bomb and assembled destructive devices (M-80's with affixed ball bearings). On these facts, protection of the public, and recognition of the difficulty of rehabilitation of individuals who espouse terrorism, supports the requested sentence.   Ressam, 2012 WL 1561001 at 21 (quoting with approval from United States v. Jayyousi, 657 F.3d 1085, 1117-19 (11th Cir. 2011) that "terrorists, even those with no prior criminal behavior, are unique among criminals in the likelihood of recidivism, the difficulty of rehabilitation, and the need for incapacitation.").

The requested sentence will serve the purpose of deterrence pursuant to § 3553(a)(2)(B).

**b.)  Count One**

The government recommends a sentence of 235 months for this Count. This recommendation is consistent with the base offense level and terrorism enhancement. Pursuant to § 2K1.4, the base offense level for this Count, without considering a cross-reference for victims, is level 24. The terrorism enhancement pursuant to § 2K1.4 is 12. Assuming no completion of the conspiracy, three levels are subtracted under § 2X1.1(b)(2). The advisory range is then 235 to 293 months. The recommendation is similar to United States v. McDavid, 396 Fed.Appx. 365 (9th Cir. 2010)(unpublished), where the Ninth Circuit affirmed a 235-month

---

[1/] See Trial Exhibit 181 and Transcript, Exhibit 182, Page 6: Dennis Mahon: "How you like those special letters you've been getting in the mail heh heh?"

3

1    sentence of defendant with no criminal history who conspired to bomb a facility for tree

2    genetics, a dam and fish hatchery, and cell phone towers.    This 235-month sentence was

3    appropriate even in the absence of an actual bombing.  Id.

4       **c.) Count Three**

5       The government recommends a consecutive sentence within the range of 41-51 months,

6    which reflects a guideline offense level of 22, as calculated by the PSR at paragraph 45.

7       Respectfully submitted this 17th day of May, 2012.

8

9                                               ANN BIRMINGHAM SCHEEL
                                                Acting United States Attorney
                                                District of Arizona
10

11                                              s/ *John Boyle*
                                                JOHN BOYLE
12                                              Assistant U.S. Attorney

13    CERTIFICATE OF SERVICE

14
      I hereby certify that on May 17, 2012, I electronically  transmitted the attached document to the
15    Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic
      Filing to the following CM/ECF registrants:
16
      Deborah L. Williams and Milagros Cisneros, Attorneys for Dennis Mahon
17

18    JB/ceb

19

20

21

22

23

24

25

26

27

28
                                               4